ACCEPTED
02-15-00072-CV
SECOND COURT OF APPEALS
FORT WORTH, TEXAS
3/20/2015 9:13:37 AM
DEBRA SPISAK
CLERK

IN THE COURT OF APPEALS
SECOND COURT OF APPEALS DISTRICT OF TEXAS

FILED IN
2nd COURT OF APPEALS
FORT WORTH, TEXAS
03/20/2015 9:13:37 AM
DEBRA SPISAK
Clerk

IN RE                                    §
                                         §
                                         §
                                         §        NO. 02-15-00072-CV
                                         §
THEODIS DODSON, JR,                      §
                 *RELATOR*               §

## STATE'S RESPONSE TO PETITION FOR WRIT OF MANDAMUS

COMES NOW, the Real Party in Interest, the State of Texas, by and through Hon. Sharen Wilson, the Criminal District Attorney of Tarrant County, Texas, and hereby responds to the writ of mandamus of THEODIS DODSON ("Relator").

## I.
## IDENTITY OF PARTIES AND COUNSEL

Relator in the present cause is THEODIS DODSON, who is seeking the trial court to rule on his request for a free copy of the reporter's record. The respondent is the Criminal District Court Number One of Tarrant County, Texas ("trial court"). The real party in interest is Sharen Wilson, the Criminal District Attorney in Tarrant County, Texas (herein after

1

"State").

Relator is proceeding *pro se* on this petition for writ of mandamus. The real party in interest is represented by Andréa Jacobs, 401 W. Belknap, Fort Worth, Texas 76196-0201.

## II.
## TABLE OF CONTENTS

IDENTITY OF THE PARTIES AND COUNSEL …………………………1

INDEX OF AUTHORITIES ……………………………………………… 4

STATEMENT OF THE CASE …………………………………..….6

STATE'S RESPONSE TO ISSUE PRESENTED ………………………...….9

ARGUMENT ………………………………………………………..10

    Petition should be DENIED because Relator has failed to demonstrate that his motion has been filed or brought to the attention of the trial court………………………………….... ..…10

CONCLUSION AND PRAYER ……………………………………………12

CERTIFICATE OF SERVICE ………………………………………..13

CERTIFICATE OF COMPLIANCE …………………………………14

EXHIBITS …………………………………………………………..A-H

# III.
# INDEX OF AUTHORITIES

**STATE CASES**                                          **PAGE(S)**

### TEXAS COURT OF CRIMINAL APPEALS

*Dickens v. Second Court of Appeals*,
    727 S.W.2d 542 (Tex. Crim. App. 1987) …………………... 12

### TEXAS SUPREME COURT

*Canadian Helicopters Ltd. v. Wittig*,
    876 S.W.2d 304 (Tex. 1994) ………………………………….. 10

*Johnson v. Fourth Court of Appeals*,
    700 S.W.2d 916 (Tex. 1985) …………………………………. 10

*O'Connor v. First Court of Appeals*,
    837 S.W.2d 94 (Tex. 1992) ………………………………….. 11

*Stoner v. Massey*,
    586 S.W.2d 843 (Tex. 1979) …………………………………… 10,12

### TEXAS COURT OF APPEALS

*In re Chavez*,
    62 S.W.3d 225
    (Tex. App. – Amarillo 2001, orig. proceeding) …………….. 11

*In re Davidson*, 153 S.W.3d 490
    (Tex. App. – Amarillo 2004) ………………………………….. 11

*In re Villarreal*,
    96 S.W.3d 708
    (Tex. App. – Amarillo 2003) ………………………………….. 12

**TEXAS STATUTES AND RULES**

Tex. R. App. P. 9.4 (e) …………………………………………… 14

Tex. R. App. P. 9.4 (i) …………………………………………….. 14

## IV.
## STATEMENT OF THE CASE

Relator pled guilty, pursuant to a plea bargain agreement, to the capital offense of capital murder on March 4, 2008. *See* Judgment, No. 1072134D. In accordance with the plea agreement, the trial court sentenced Relator to life without parole. *See* Judgment.

On December 18, 2008, this Court dismissed Relator's appeal for want of jurisdiction. *See Dodson v. State*, No. 02-08-082-CR, 2008 WL 5265001 (Tex. App. – Fort Worth, Dec. 18, 2008) (op. on reh'g) (not designated for publication). Mandate issued on February 3, 2009. *See* Exhibit A: Record of Criminal Actions, No. 1072134D, Vol. 5, p. 1.

Relator filed two applications for writ of habeas corpus while his direct appeal was pending. *See Ex parte Theodis Dodson*, Nos. WR-50,689-04, 05 (Tex. Crim. App. May 21, 2008) (White Card). Both applications were dismissed. *Id.*

Relator's third application for writ of habeas corpus was denied without written order on trial court's findings without a hearing on August 25, 2010. *See Ex parte Theodis Dodson*, Nos. WR-50,689-11 (Tex. Crim. App. Aug. 25, 2010) (White Card).

Relator filed a motion for DNA testing on December 27, 2013. *See* Exhibit A, Vol. 5, p. 1. That motion was denied on April 12, 2014. *See* Exhibit A, Vol. 5, p. 2.

Even though Relator includes a letter from Judge Evans that he would forward Relator's request, there is no evidence that a motion for a free copy of the reporter's record has been filed in the trial court. *See* Exhibit A; Exhibit B: Transaction Information Display, No. CDC1-1072134-00; Exhibit C: Motion for Sanctions, Nos. 1071695D, 1072134D; Exhibit D: Second Motion for Sanctions, Nos. 1071695D, 1072134D; Exhibit E: Objection to State's Response and Findings of Fact, Nos. 1071695D, 1072134D; Exhibit F: Motion [for] Leave to File to Compel This Honorable Court to Compel the Honorable Court of CDC1 to do a Ministerial Act to Appoint an Attorney Under Code Crim. Proc. 64.01(c), Nos. 1071695D, 1072134D; Exhibit G: Request for Disclosure Pursuant to Rule 194 Within 30 Days, Nos. 1071695D, 1072134D; Exhibit H: Letter, Dated October 20, 2014. There is no evidence that Relator's motion was presented to the trial court. *See* Exhibit A; Exhibit B; Exhibit C; Exhibit D; Exhibit E; Exhibit F; Exhibit G; Exhibit H.

On November 6, 2014, Relator inquired about the status of his request

for a record. *See* Exhibit H.

On March 4, 2015, Relator filed his petition for writ of mandamus seeking this Court to order the trial court to rule on his motion for free records. *See* Leave to File Writ of Mandamus ("Petition"), No. 02-15-072-CV, p. 5. On March 10, 2015, this Court ordered the real party in interest to file a response. *See* Order, No. 02-15-072-CV, p. 1.

# V.
## STATE'S RESPONSE TO ISSUE PRESENTED

This Court should deny Relator's petition for writ of mandamus because there is no evidence in the record that a motion for free record has been filed or brought to the attention of the trial court.

# VI.
# ARGUMENTS

## A.    Standard of Review

Mandamus is an extraordinary remedy, available only in limited circumstances. *Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 305 (Tex. 1994).  It is the burden of the relator to show entitlement to the relief being requested.  *See generally Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding).  In order to be entitled to relief, the relator must show the following: (1) a legal duty to perform; (2) a demand for performance; and (3) a refusal to act.  *See Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979).

## B.    Relator's Petition should be DENIED because Relator has failed to demonstrate that his motion has been filed or brought to the attention of the trial court.

Relator attaches a letter from Judge Evans that states:

I have received your request.  I don't have jurisdiction to rule on your request.  I [am] copying the trial judge with this letter and sending her the original of your request.

*See* Petition, Exhibit A: Evans Letter, Dated December 10, 2014.  However, the letter does not indicate *what* the request was or whether the trial court

ever received it.  *See* Petition, Exhibit A.  According to the Tarrant County District Clerk records, no motion for a free reporter's record was filed.  *See* Exhibit A; Exhibit B; Exhibit C; Exhibit D; Exhibit E; Exhibit F; Exhibit G; Exhibit H.  Relator refers to the motion in the November 6, 2014, letter; however, that letter does nothing more than inquire about the existence of the motion.  *See* Exhibit H.  There is no evidence that the trial court has ever received the motion.

It is well settled that a trial court is not required to consider a motion when it has not been presented with said motion.  *O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992) ("Mandamus will issue when there is a legal duty to perform a non-discretionary act, a demand for performance, and a refusal."); *see also In re Chavez*, 62 S.W.3d 225, 228 (Tex. App. – Amarillo 2001, orig. proceeding) ("Indeed, one can hardly be faulted for doing nothing if he were never aware of the need to act.").  Only "[s]howing that a motion was filed with the court clerk does not constitute [sufficient] proof that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling." *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App. – Amarillo 2004) (citations omitted).

Here there is no evidence that the motion has been filed or presented

to the trial court. Therefore, Relator has failed to establish that the trial court has ever been presented the motion for a ruling.

The burden is on Relator to show that the district court knew of its duty to act and neglected to perform it. *See In re Villarreal*, 96 S.W.3d 708, 710-711 (Tex. App. – Amarillo 2003). Here, Relator has failed to demonstrate that his motion for a free reporter's record was ever presented to the trial court. Relator has failed to meet his burden. *Id.* Relator has thus failed to prove that he is entitled to relief. *See Stoner v. Massey*, 586 S.W.2d at 846. Relator's Petition should be **DENIED**.

## VII.
## CONCLUSION AND PRAYER

The issuance of a mandamus is never a matter of right, but rests in the sound discretion of the Court. *Dickens v. Second Court of Appeals*, 727 S.W.2d 542, 549 (Tex. Crim. App. 1987). Here, Relator's Petition should be denied because he has failed to show that the motion for free record was ever presented to the trial court. Thus, Relator has failed to demonstrate that the trial court has failed to act.

Relator's Petition should be **DENIED**.

12

**WHEREFORE, PREMISES CONSIDERED**, the State prays the Court deny Relator's Leave to File Writ of Mandamus.

Respectfully submitted,

SHAREN WILSON
Criminal District Attorney
Tarrant County, Texas

/s/ Andréa Jacobs_____
ANDRÉA JACOBS, Assistant
Criminal District Attorney
401 W. Belknap
Fort Worth, Texas  76196-0201
(817) 884-1687
FAX (817) 884-1672
State Bar No. 24037596

## CERTIFICATE OF SERVICE

A true copy of the above response has been mailed to Relator, Mr. Theodis Dodson, Jr., TDCJ-ID # 1490901, Connally Unit, 899 FM 632, Kenedy, Texas 78119, and delivered to the respondent, the Hon. Elizabeth Beach, Judge, Criminal District Court Number One, 401 W. Belknap, Fort Worth, Texas 76196, on this the 20th of March, 2015.

/s/ Andréa Jacobs_____
ANDRÉA JACOBS

**CERTIFICATE OF COMPLIANCE**

This document complies with the typeface requirements of Tex. R. App. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of Tex. R. App. P. 9.4(i) because it contains 1652 words as computed by Word 2010, the computer program used to prepare the document.

/s/ Andréa Jacobs_____
ANDRÉA JACOBS

# EXHIBIT

# "A"

A CERTIFIED COPY

ATTEST: 3-18-15

THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS

BY: Cindy Dutia
DEPUTY

1 of 14

STATE OF TEXAS vs.

No. 1072134D  DODSON, THEODIS JR

Offense  CAPITAL MURDER-TERROR-

CDC1   CID 0421738

NCIC# 09999022

TRN# 0108655792
DOB: 07/07/67
OFF # 099022

VOLUME I

CRIMINAL DOCKET

3133

DETAINER _____

(CRIMINAL) DISTRICT COURT  213

TRANSFERRED TO CDC1

COMPLAINT FILED _____  BOND-SET AT $ 1,000,000

**JUN 20 2007**

**JUN 21 2007**  Transferred To Criminal Docket Court Number One Upon
Motion of the District Attorney

[signature]
Presiding Judge 213th District Court

**JUL 03 2007**  INITIAL APPEARANCE-CDC1
Affidavit of Indigency filed (Not Indigent on 6-18-07)
Election of Counsel Filed
Adult Warning Filed
Affidavit of Indigency filed (Indigency on 7-3-07)
Order Appointing Counsel to the Defendant Robert Ford
Pro Se Motion to Relase Because of Delay Under
Art. 17.151 filed
Pro Se Petition for Pre-Trial Writ of Habeas Corpus
Pursuant to Art. 17.151, CCP, for Release Due
to Delay filed

9-12-07

DISPOSITION OF CASE
1. LIFE Without Parole - INDC
2. _____
3. _____
4. _____

Right
Thumb Print

State's Attorney  Sen. Betsey Raquel Jones

On Probation Revocation _____

Defendant's Attorney  Robert Ford, William "Bill" Ray

On Probation Revocation  Ford

Surety  Personal

Appeals Attorney _____

**SEP 12 2007**  INDICTMENT RETURNED
Plea & Arraignment of Bond filed

**SEP 12 2007**

**SEP 14 2007**  HEARING ON WRIT OF HABEAS CORPUS
ARTICLE 17.151
Motion to Set Conditions of Bond filed
Bond Conditions added - Bondmut be made in
Open Court in CDC1
Bond reduced to $50,000

9-18-07  Election of Counsel filed -
Defendants Motion to Reset Bond With Conditions filed

9-19-07

-over-

Thomas A. Wilder
DISTRICT CLERK
TARRANT COUNTY, TEXAS

CRIMINAL DISTRICT COURT PAPERS AND MUST NOT BE REMOVED

RTIFIED COPY

ATTEST: 3-18-15

THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS

BY: Andy Dutro

2 of 14   DEPUTY

## CRIMINAL DOCKET

| | |
|---|---|
| SEP 26 2007 | HEARING ON MOTION FOR PERSONAL BOND |
| SEP 25 2007 | Supplemental Motion to Set Conditions of Bond |
| 9-26-07 | Personal Bond made in Open Court w/ Amended Conditions |
| SEP 28 2007 | **Consultation** |
| 9-27-07 | State's Written Notice of Intent to Seek Death Penalty filed |
| 9-27-07 | Order Appointing Co-Counsel for the Defendant - (William "Bill" Ray) |
| 10-1-07 | Scheduling Order filed |
| 10-3-07 | Defendant's Motion for the Appointment of an Investigator filed & granted |
| 10-3-07 | Motion for Appointment of an Expert Witness filed & granted |
| OCT 5 2007 | **Consultation** |
| 10-9-07 | First Amended Scheduling Order filed |
| 10-24-07 | Motion for Discovery - Defense Expert Witnesses filed |
| * | Motion to Conduct Voir Dire Examination of Defense Expert Witnesses filed |
| * | Motion in Limine filed |
| 10-25-07 | Motion To Submit Juror Questionnaire |
| 10-25-07 | Motion to quash Indictment based on lack of Constitutional form of lethal injection |
| * | Motion to preserve right to file other motions |
| * | Requested instruction to the jury regarding residual doubt as mitigation - NO. 18 |
| * | motion for discovery, production and inspection of evidence NO. 5 - NO.17 |
| * | motion to declare the capital Sentencing statute unconstitutional because it allows juries to decide future dangerousness based solely on the factors of the case - NO.16 |
| * | Defendant's requested jury instruction concerning the definition of "criminal acts of violence" - NO. 15 |
| * | Motion to declare the "10-12 rule" unconstitutional - NO. 14 |
| * | Defendant's objections to the charge at punishment - NO. 13 |
| * | Defendant's Amended Motion regarding victim character/impact testimony after Mosley v. State - No. 12 |
| * | motion to hold statutory definition of mitigating evidence unconstitutional as applied to impose a "nexus" limitation, and to grant Defendant's requested clarifying voir dire, instruction, argument and motion in |

...TIFIED COPY

ATTEST: 3-18-15

THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS

BY: Cindy Dutton

3 of 14 DEPUTY

3133

VOLUME II

# CRIMINAL DOCKET

STATE OF TEXAS vs.

No. 1072134D DODSON, THEODIS JR

Offense CAPITAL MURDER
CDC1 CID 0421738  DOB 07/07/67
OFFENSE: 06/11/07  FILED: 6/20/07

DETAINER

(CRIMINAL) DISTRICT COURT

TRANSFERRED TO

COMPLAINT FILED.  BOND SET AT $

Right Thumb Print

DISPOSITION OF CASE:
1. LIFE Without Parole - TDCJ
2.
3.
4.

State's Attorney  Sean Colston, Raquel Jones

On Probation Revocation

Defendant's Attorney  Robert Ford, William "Bill" Ray

On Probation Revocation

Surety

Appeals Attorney

| OCT 25 2007 | |
|---|---|
| * | Motion for order prohibiting use of "no sympathy" instruction - NO. 10 |
| | Motion to hold unconstitutional Tex. Code Crim. Proc. Art 37.071 sec. 2(e) and (f) - failure to require mitigation to be considered - NO. 9 |
| * | Motion for Good Jury Testimony and exhibits - NO. 8 |
| * | Motion to preclude the death penalty as a sentencing option and declare Article 37.071 unconstitutional under (Jones v. U.S.; Apprendi v. New Jersey and Ring v. Arizona), and alternatively quash the indictment, and alternatively motion to instruct the jury that the sentencing burden of proof on the mitigation special issue lies with the state - NO. 7 |
| * | Motion to give notice of extraneous acts under article 37.071 and 37.07 code of criminal Procedure and Rule 404(b), Texas Rules |

of evidence and notice of convictions for impeachment pursuant to Rule 609(f), Texas Rules of evidence. (The Mitchell vs state "motion") - NO. 6

* Defendant's request to the state of Texas to provide notice of extraneous acts under article 37.01 and 37.071 code of criminal procedure and Rule 404(b), Texas Rules of evidence and notice of convictions for impeachment pursuant to rule 609(f), Texas Rules of evidence. (The Mitchell vs state "request").

**Thomas A. Wilder**
DISTRICT CLERK
TARRANT COUNTY, TEXAS

THESE ARE CRIMINAL DISTRICT COURT PAPERS AND MUST NOT BE REMOVED

...IED COPY
...TEST: 3-18-15
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: Cindy Dutra
4 of 14 DEPUTY

# CRIMINAL DOCKET

| | |
|---|---|
| OCT 25 2010 | motion to Quash the indictment based on motion No. 4 - No. 5 |
| * | motion to preclude the death penalty due to the grand Jury's failure to allege in the indictment all elements necessary to make the defendant death-eligible - No. 4 |
| * | motion for the production and inspection of evidence and information which may lead to exculpatory evidence - No. 3 Brady v Maryland, 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. ct. 1194 (1963) |
| * | motion for the state to provide Juror criminal records, prior to Vior Dire - No. 2 |
| * | motion to list witnesses and request for criminal histories - No. 1 |
| 11-1-07 | Pro Se Writ of Habeas Corpus Seeking Relief for Late Indictment in Violation of Texas Code Crim. Proc. Ann. Art. 32.01 filed w/ Attachments |
| NOV 15 2007 | State's Notice of Intent To Introduce Evidence of Extraneous Offenses |
| | State's List of Potential Witnesses |
| | State's Notice of Intent To Offer Business Records |
| 11-19-07 | Second Motion for Appointment of an Expert Witness filed & granted |
| 11-28-07 | E-Mail From: Judge Sharen Wilson to ADA Sean Colston and Defense Attorney's Robert Ford + William "Bill" Ray filed (re- State's Formal Answers to Defense Motions) |
| | Response from ADA Sean Colston filed (re-State's Formal Answers to Defense Motions) |
| 11-29-07 | State's Responses to Defense Motions |
| 12-18-07 | ~~HEARING ON EVIDENTIARY PRETRIAL MOTIONS~~ Cancelled SW |
| 12-17-07 | def atty. files NO constitutional motions |
| 12-17-07 | State's Supplemental List of Potential Witnesses filed |
| | State's Motion to Have Defendant Examined filed |
| 12-17-07 | Pro Se Habeas Corpus Motion of Dismissal in Violation Under Article 17.151 Speedy Trial filed |
| 12-17-07 | Declaration of Conflict Between Attorney |
| | Motion for Substitution of Appointed Counsel: Under Art. 26.04(R) Texas Code Crim Procedure filed |
| 12-26-07 | Pro Se Habeas Corpus to Leave and Dismissal Under Article 19.07 Tex Code Crim Proc. filed |
| 12-26-07 | Pro Se Request to Remove Prosecutor filed |
| | -SEE INSIDE COVER- |

D COPY
EST: 3-1875
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: _Cindy Dutra_
DEPUTY
5 of 14

12-26-07 Pro Se Habeas Corpus Motion of Recusal of Judge filed

DEC 27 2007 **HEARING ON DECLARATION OF CONFLICT**

12-27-07 Pro Se Writ of Habeas Corpus Motion for Return of Seized Property Under Art. 59.02 Tex Code Crim Proc. filed

12-31-07 Declaration of Conflict Between Attorney & Client and Motion for Substitution of Appoint Counsel Under Art. 26.04 filed

12-31-07 Pro Se filed (forwarded to CDC1 from 2nd Court of Appeals)

1-2-08 Defendant's Motion for the Supplemental Investigator Payment filed & granted

1-3-08 Investigator Bill filed

1-9-08 Motion for Protective Order w/letter to Court Coordinator filed & Order Setting Hearing for 1-14-08 at 9:00 AM

1-9-08 Defendant's Motion for Continuance filed

1-10-08 Defendant's Amended Motion for Continuance filed

1-11-08 Pro Se Writ of Habeas Corpus Motion on Appeal "Denying to have his Same Attorneys on his Case After he filed a Conflict of Interest filed

1-11-08 Pro Se Motion to Transfer Case Back to 213 District Court Under Sub. Sec. 24.303 filed

1-11-08 Pro Se Motion to Suppress filed

1-11-08 Pro Se Defendants Motion to Suppress the In-Court Identification of the Defendant & Motion to Suppress an Illegal Line-Up Without Counsel Being Present Violation Sixth and Fourteenth Amendment filed

JAN 14 2008 **HEARING ON MOTION FOR PROTECTIVE ORDER**

1-14-08 State's Notice of Intent to Seek Enhanced Punishment filed

1-18-08 ~~Letter from Defendant to Court Coordinator filed~~

JAN 18 2008 **Defendant's Amended Motion For Continuance** denied

State's Response To Defendant's Motion For Continuancy filed

1-23-08 Pro Se Motion to Quash Indictments/Dismissed filed

1-25-08 Motion to Order the State of Texas to Provide NCIC Criminal Histories filed & granted

(— SEE VOLUME III —)

...D COPY
...ST: 3-18-15
THOMAS A. W...
DISTRICT C...
TARRANT COU... TEXAS
BY _____
6 of 14

VOLUME 3133 III

**CRIMINAL DOCKET**

STATE OF TEXAS vs.
1072124D DODSON, THEODIS, JR.

DISPOSITION OF CASE:
1. LIFE Without Parole - IDTDCT
2.
3.
4.

Right Thumb Print

State's Attorney _Sean Colston, Rachel Jones_

On Probation Revocation

Defendant's Attorney _Robert Ford, William "Bill" Ray_

On Probation Revocation

Surety

Appeals Attorney

08/66 M25 - 6.5-10

DETAINER

(CRIMINAL) DISTRICT COURT

TRANSFERRED TO

COMPLAINT FILED.    BOND SET AT $

| Date | Entry |
|---|---|
| 1-30-08 | State's Notice of Intent to Offer Business Records Filed (First Convenience Bank) |
| 1-30-08 | State's Notice of Intent to Offer Business Records Filed (John Peter Smith Hospital) |
| 1-30-08 | State's Second Supplemental List of Potential Witnesses Filed |
| JAN 3 1 2008 | Defense Notice of Filing of Records: Letter from Arkansas Department of Human Services |
| | Affidavit of Susan Schroppe, Custodian of Records (United Supermarkets) |
| | Affidavit of Lou Jean Holt Custodian of Records (Jeffery Dodson) Lonoke School District |
| | Affidavit of Lou Jean Holt, Custodian of Records (Theodis Dodson, Sr.) Lonoke School District |

| Date | Entry |
|---|---|
| JAN 3 1 2008 | Affidavit of Terri DeSarrett, Custodian of Records (Terrell State Hospital) |
| | Affidavit of Becky Price, Custodian of Records, TDTDCT (Theodis Dodson) |
| | Affidavit of Becky Price Custodian of Records, TDTDCT (Jeffery Dodson) |
| | Certification of Records, Wal Mart Legal Department |
| 1-31-08 | State's Notice of Supplement Evidence of Extraneous Offenses Filed |

-OVER-

**Thomas A. Wilder**
DISTRICT CLERK
TARRANT COUNTY TEXAS



COPY

THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS

BY: Cindy ____ DEPUTY

7 of 14

# CRIMINAL DOCKET

| Date | Entry |
|---|---|
| 2-6-08 | Pro Se Motion to Quash Indictments and Dismissed Prosecution, filed. |
| 2-8-08 | Defense Notice of Filing of Records with Affidavit of Gail Swik - Windham School District filed |
| FEB 11 2008 | Motion For Court to Declare Code of Criminal Procedure Article 37.071, Section 2, Unconstitutional As Written And As Applied in All Cases |
| 2-12-08 | Defense Notice of Filing of Records w/ Affidavit of Sandy Pickell - Texas Department of Criminal Justice, Parole Division filed |
| 2-12-08 | **PRE-TRIAL HEARING** Defendant arraigned before the Court and entered a plea of Not Guilty to Capital Murder |
| 2-12-08 | Election for Assessment of Punishment filed (Court) (on any lesser included offense) |
| 2-12-08 | Deputy Reporter Statement filed |
| 2-12-08 | Defense Sealed Document #1 filed |
| 2-12-08 | Precept to Serve Copy of Names of Jurors Summoned by Venire Facias Ex. 2-12-08 (Juror List Sealed) |
| 2-13-08 | Defense Notice of Filing of Records w/ Affidavit of Mark Malcolm - Pulaski County Coroner filed |
| 2-13-08 | Pro Se - Defendant's Motion to Take a Polygraph Examination and His Request filed |
| 2-15-08 | **VOIR DIRE BEGAN IN CENTRAL JURY ROOM** |
| 2-15-08 | Motion to Appoint Expert for Handwriting Analysis filed & granted |
| 2-19-08 | Defense Notice of Filing of Records w/ Affidavit of Lisa D'Cunha - University of Texas Medical Branch - Correctional Managed Care, Health Services Archives filed |

— SEE VOLUME IV —

| | |
|---|---|
| 3-12-08 | SCANNED |
| MAR 14 2008 | |
| 3-23-09 | SCANNED |

A CERTIFIED COPY

ATTEST: 3-18-15

THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS

_Cindy Dutra_
DEPUTY 8 of 14

STATE OF TEXAS vs. No. 1072134D DODSON, THEODIS JR. DOB 07/07/67

Offense: CAPITAL MURDER CDC1 CID #0421738 FILED 06/20/07

SENTENCED 06/11/07

VOLUME IV

CRIMINAL DOCKET

DETAINER ___ 08/88 mos-6-5-10

(CRIMINAL) DISTRICT COURT ___

TRANSFERRED TO ___

COMPLAINT FILED. ___ BOND SET AT $ ___

Right Thumb Print

DISPOSITION OF CASE:
1. LIFE Without Parole - TDCJ
2.
3.
4.

State's Attorney Sean Colston, Raquel Jones

On Probation Revocation ___

Defendant's Attorney Robert Ford, William "Bill" Ray

On Probation Revocation ___

Surety ___

Appeals Attorney ___

| | |
|---|---|
| 2-19-08 | Defense Sealed Document #2 Filed |
| 2-20-08 | Defense Sealed Document #3 Filed |
| 2-21-08 | Defense Motion in Limine Filed |
| 2-25-08 | INDIVIDUAL VOIR DIRE BEGAN |
| | Defense Motion In Limine Filed (Ruled on by the Court) |
| 2-26-08 | Pro Se Writ of Habeas Corpus Motion for Ineffective Assistance of Counsel Filed |
| 2-26-08 | Pro Se Motion for a Speedy Trial Clause Filed Chmounts CDCI from Second Court of Appeals |
| 2-27-08 | Pro Se Defendants Request for a Pre-Trial Hearing on his Pro Se Motion All of them filed |
| 2-27-08 | Pro Se Motion Objecting to Constitutive Certificate & Analysis and Chain of Custody by Affidavit Under Articles 38.41 and 38.42 of the Texas Code of Criminal Procedure Filed |
| 2-27-08 | Pro Se Motion to Bar Former Attorney Eliag Affidavit in the State Behalf Against Me Filed |
| 2-27-08 | Pro Se Motion for Change of Venue and Defendants Request for a Pre-Trial Hearing Filed |
| 2-29-08 | Sealed Document |
| | Defendant waived arraignment. Waiver of jury signed by all parties in open Court and filed. Defendant, after being warned, entered plea of guilty to Capital Murder |
| | before the Court. The Court, after hearing the evidence, found the defendant guilty, assessed punishment and sentenced defendant to: ___ days mos yrs Tarrant County Jail ___ mos yrs State Jail Division Texas Dept. of Criminal Justice LIFE yrs Institutional Division Texas Dept. of Criminal Justice to be credited with time spent in jail. Plea bargaining agreement followed. Defendant advised of right of appeal. |

_____
Judge, Criminal District Court No. 1

Thomas A. Wilder
DISTRICT CLERK
TARRANT COUNTY, TEXAS

A CERTIFIED COPY

ATTEST: 3-18-15

THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS

BY: Cindy Dutia

9 of 14 DEPUTY

1072134D

# CRIMINAL DOCKET

3-11-08  Notice of Appeal filed

MAR 12 2008  COPY OF JUDGEMENT, NOTICE OF APPEAL, TRIAL COURT'S
CERTIFICATION AND ATTORNEY APPOINTMENT LETTER
SENT TO STATE AND COURT OF APPEALS

3-12-08  ① SCANNED

3-17-08  Defense Documents (Sealed) #4-6

MAR 14 2008  Letter from COA

3-26-08  Motion to Withdraw Plea Bargain Under
Sub Sec 70.10(2) and Sub Sec 70.06(1)
Tex Code Crim Proc. filed. Copy to Attorney
Bob Ford

3-26-08  Pro Se Motion To Withdraw Plea (s)
filed Copy to Attorney Bob Ford

3-27-08  Pro Se Motion for Free Reporting Record
and Affidavit of Inability to Pay for
Counsel, and Reporter's Record

MAY - 2 2008  JUDGMENT AND OPINION FROM COURT OF APPEALS

5-29-08  State's Application for Transactional
Immunity

5-28-08  Order Granting for Immunity by Agreement
and Agreement for Transactional Immunity

7-3-08  Letter to Clerk

7-3-08  Motion for a Free Reporter's Record on
Appeal

8-12-08  Applicants Motion Requesting Permission
from the Court to Appeal the Judgment
of the Court & Memorandum in Support

Go to Volume 5

A CERTIFIED COPY
ATTEST: 318-15
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: _____
DEPUTY                    10 of 14

2133    STATE OF TEXAS vs   No.

DODSON, THEODIS JR
107213D   CDCI
CAPITAL MURDER
CID# 0421738   CASE# 1072134

# RECORD Vol. 5
## OF
## CRIMINAL ACTIONS

DETAINER _____

(CRIMINAL) DISTRICT COURT _____

TRANSFERRED TO _____

08/88   MJS - 6-5-10

**DISPOSITION OF CASE:**
1. LIFE without Parole - TDTDCJ A
2.
3.
4.

State's Attorney — Sees Colston, Raquel Jones

On Probation Revocation _____

Defendant's Attorney — Robert Ford, William H. Ray

On Probation Revocation _____

Surety _____

Appeals Attorney

| Date | COMPLAINT FILED — BOND SET AT $ |
|---|---|
| 8-21-08 | Motion for Leave to File Amended |
|  | Notice of Appeal Copy to State |
| 8-21-08 | Applicant's Motion Requesting Permission from the Court to Appeal the Judgement of the Court & Memorandum in Support |
|  | of Def. copy to State |
| 9-21-08 | Letter to Clerk with attachments |
| 9-5-08 | Letter from Court of Appeal |
| 9-5-08 | Pro Se Request for Temp Injunct filed |
| 9-8-08 | Pro Se Letter to Col. C |
| 9-8-08 | Letter to Defendant |
| FEB 27 2009 | MANDATE RECEIVED, FILED, AND APPEAL DISMISSED |
| MAR - 3 2009 | CERTIFIED COPY OF MANDATE MAILED TO IDTDCJ |
| 6-10-09 | Court of Appeals Letter filed |
| 6-11-09 | Pro Se Letter received |
| 7-15-09 | Memorandum Opinion from the 2nd District Court |
| 7-20-09 | Pro Appeals filed |
|  | Letter from No. America Inmate Services filed |

SEP 15 2009 — Letter from M.L. Burns - North America Inmate Services filed

SEP 15 2009 — Letter sent by Mr. Burns

12-27-13 — Pro Se DNA filed

2-14-14 — Pro Se filed

— SEE VOLUME 6 —

**Thomas A. Wilder**
DISTRICT CLERK
TARRANT COUNTY, TEXAS

A CERTIFIED COPY

ATTEST: 3-18-15

THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS

BY: Cindy Dutro

DEPUTY 11 of 14

THESE ARE CRIMINAL DISTRICT COURT PAPERS AND MUST NOT BE REMOVED

STATE OF TEXAS vs.     1072134D   DODSON, THEODIS JR
                       CAPITAL MURDER
No.                    CDC1   CID: 042138
3133   Offense         OFFENSE: 06/11/07   DOB: 7/7/67
                                           FILED: 6/20/07

VOLUME VI

RECORD
OF
CRIMINAL ACTIONS

DISPOSITION OF CASE:

1.

2.

3.

4.

State's Attorney

On Probation Revocation

Defendant's Attorney

On Probation Revocation

Surety

Appeals Attorney

DETAINER

(CRIMINAL) DISTRICT COURT

TRANSFERRED TO

4-14-14  States Reply to Defendants Request for Forensic
         DNA Testing of Evidence Containing Biological Material

4-14-14  States Proposed Memorandum, Findings of Fact
         and Conclusions of Law

4-16-14  Order Filed & Served

4-23-14  Pro Se filed (1)

Thomas A. Wilder
DISTRICT CLERK
TARRANT COUNTY, TEXAS

CERTIFIED COPY

ATTEST: 3-2875

THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS

BY: _Cindi Dutra_

12 of 14  DEPUTY

# SUBPOENAS

DODSON, THEODIS JR.
1072134D
CDC1

STATE OF TEXAS vs.

No. 333 Offense

## CRIMINAL DOCKET

DISPOSITION OF CASE:

1.
2.
3.
4.

Right Thumb Print

State's Attorney

On Probation Revocation

Defendant's Attorney

On Probation Revocation

Surety

Appeals Attorney

DETAINER

(CRIMINAL) DISTRICT COURT

TRANSFERRED TO

COMPLAINT FILED.    BOND SET AT $

10-9-07  Application For Subpoena filed Re:
Brittany Benson. Ex. 10-12-07
Robin Allison. Ex. 10-12-08
Richard Vance. Ex. 10-12-07
Ray Wimberly. Ex. 10-12-07
Michael Green. Ex. 2-5-08
Karrol Luited. Ex. 10-12-07

10-9-07  Application For Subpoena filed Re:
Michael Huck. Ex. 10-15-07
Bernard Davis. Ex. 10-15-07
Loretta Davis. Ex. 10-15-07
William Ellis. Ex. 10-12-08
Ismail Ibrahim. Ex. 10-12-08
Custodian of Records WMC
Information Management Ex. 12-7-07

12-19-07  Application For Subpoena filed & issued for:
Rosas Mauricio Ex. 1-18-08
Jesus Ruiz
Deepak U Prety Ex. 12-4-07
Naline U Prety Ex. 12-4-07

Application For Subpoena filed & issued for:
Jai White - Custodian of Records Ex.
Jai White - Custodian of Records Ex.
Custodian of Records - Tarrant County Jail Ex. 12-20-07
Custodian of Records - Tarrant County Jail Ex. 12-20-07

—OVER—

**Thomas A. Wilder**
DISTRICT CLERK
TARRANT COUNTY, TEXAS

THESE ARE CRIMINAL DISTRICT COURT PAPERS AND MUST NOT BE REMOVED

A CERTIFIED COPY

ATTEST: 3-18-15

THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS

BY: _____ DEPUTY

13 of 14

## CRIMINAL DOCKET

| | |
|---|---|
| 12-19-07 | Applications for Subpoenas filed & issued for: |
| | Jordan Jones - Abortions — Ex: |
| | First Injury Clinic — Ex: 12-21-07 |
| | Market Street — Ex: 12-20-07 |
| | Wal-Mart Legal Department — Ex: 12-19-08 |
| | Southern Technical College — Ex: 12-19-08 |
| | Southern Technical College — Ex: 12-19-08 |
| | Little Rock School District - Linda Ashley — Ex: 12-19-08 |
| | Little Rock School District - Linda Ashley — Ex: 12-19-08 |
| | Lonoke Elementary School - Holly Dewey — Ex: 12-19-08 |
| | Lonoke Elementary School - Holly Dewey — Ex: |
| | Lonoke Junior High - Jennie Holt — Ex: 12-19-08 |
| | Lonoke Junior High - Jennie Holt — Ex: 12-19-08 |
| | Lonoke High School - Phyraus Wilson — Ex: 12-19-08 |
| | Lonoke High School - Phyraus Wilson — Ex: 12-19-08 |
| | Brown Mackie College — Ex: |
| | County Clerk - Custodian of Record (Suzanne Henderson) Ex: |
| | County Clerk - Custodian of Records (Suzanne Henderson) Ex: |
| 1-7-08 | Applications for Subpoenas filed & issued for: |
| | Terrell State Hospital — Ex: 1-7-08 |
| | Arkansas Vital Records — Ex: 1-7-08 |
| | Arkansas Vital Records — Ex: 1-7-08 |
| | UAMS Medical Center — Ex: 1-7-08 |
| | UAMS Medical Center — Ex: 1-7-08 |
| | Arkansas Dept. of Human Services — Ex: 1-7-08 |
| | Arkansas Dept. of Human Services — Ex: 1-7-08 |
| 1-15-08 | Applications for Subpoena filed and issued for |
| | Custodian of Records (Justice Finance Company) — Ex: 1-18-08 |
| | Betty Vasquez — Ex: 1-18-08 |
| 1-16-08 | Application for Subpoena filed and issued for |
| | Custodian of Records: John Peter Smith Hospital — Ex: 1-18-08 |
| 1-23-08 | Application for Subpoena filed & issued for: |
| | Custodian of Records - Wal-Mart — Ex: 1-24-08 |
| 1-24-08 | Application for Subpoena filed & issued for: |
| | Arkansas State Hospital — Ex: 1-25-08 |
| 1-24-08 | Application for Subpoena filed & issued for: |
| | UAMS Medical Center — Ex: 1-25-08 |
| 1-28-08 | Application For Subpoena filed and issued Re: |
| | Esmeralda Atienza — Ex: 1-28-08 |

- SEE INSIDE COVER

RTIFIED COPY

ATTEST: 3-18-'15

THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS

BY: Cindy Dutra

DEPUTY

14 of 14

1-28-08 Applications for Subpoenas filed and issued Re:
George Crippen                                    Ex. 1-28-08
Patricia Brandon                                  Ex. 1-28-08
Board of Pardons & Paroles                        Ex. 1-28-08
Holliday Unit                                     Ex. 1-28-08
Middleton Unit                                    Ex. 1-28-08
Bartlett Unit                                     Ex. 1-28-08

1-28-08 Application for Subpoena filed and issued
Custodian of Records, Triad Financial            Ex. 1-30-08

1-31-08 Application for Subpoena filed and issued:
Aslam Mohammed
Esperanza Mauricio                                Ex. 2-4-08
Jose Mauricio                                     Ex. 2-4-08
Mina Khalil
Tameisha Thompson                                 Ex. 2-15-08
Theodore Gerardi                                  Ex. 2-4-08

2-6-08 Application for Subpoena filed & issued Re:
Medical Archives TDCJ                             Ex. 2-7-08

2-12-08 Application for Subpoena filed & issued for:
Custodian of Records - Arkansas State Hospital   Ex. 2-12-08

2-13-08 Application for Subpoena filed & issued for:
Custodian of Records - Baptist Health Medical Center   Ex. 2-13-08

2-13-08 Application for Subpoena filed & issued for:
Custodian of Records - Baptist Health Medical Center   Ex. 2-13-08

2-13-08 Application for Subpoena filed & issued for:
Tarrant County Community Supervision & Corrections Dept.   Ex:

2-13-08 Application for Subpoena filed & issued for:
Tarrant County Community Supervision & Corrections Dept.   Ex:

2-13-08 Application for Subpoena filed & issued for:
Tim Curry - District Attorney - Victim Assistance Unit   Ex: 2-15-08

# EXHIBIT

# "B"

CRIM:FJIMF06B | TRANSACTION INFORMATION DISPLAY | Thu 03/19/2015

Cause Number: CDC1-1072134-00     Date Filed: 06/20/2007
The State of Texas            V     DODSON, THEODIS JR
                              S

| File Mark | Description | Extend | Fee Total |
|-----------|-------------|--------|-----------|
| 04/25/2014 | FINAL SCAN VOL. 6 | I | 0.00 |
| 04/25/2014 | SUBOENAS | I | 0.00 |
| 05/06/2014 | PRO SE | I | 0.00 |
| 05/06/2014 | PRO SE | I | 0.00 |
| 05/06/2014 | PRO SE | I | 0.00 |
| 05/13/2014 | PRO SE | I | 0.00 |
| 06/13/2014 | PRO SE | I | 0.00 |
| 11/06/2014 | PRO SE | I | 0.00 |
| 03/05/2015 | LETTER FROM 2ND COURT OF APPEALS - 02-15-00073- | I | 0.00 |
| 03/11/2015 | ORDER FROM SECOND COURT OF APPEALS | I | 0.00 |

[H] Help      [T] Top      [B] Bottom          Total Charges····: $286.00
[◄─┘] View Details   [F10] View Image      —   Total Received···: $0.00
[*] Print Transactions                       —   Refunds··········: $0.00

[Esc] Exit                                           Owed:        $286.00

# EXHIBIT

# "C"

56114; File,
No Further Action
Taken By Court

Thomas A. Wilder
Criminal District Clerk
Tarrant County
Tim Curry Criminal Justice Ctr.
401 W. Belknap, 3rd Floor
Fort Worth TX. 76196
( 4-18-2014 )

FILED
THOMAS A WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

MAY 06 2014

TIME 3:36
BY_____ DEPUTY

Mr. Theois Dooson
#1490901
Conhany Unit
899 Fm 632
Kenedy TX 78119

RE: Dooson, Theois - Case No's 1072134 D, 1071695 D
RE: State of Texas vs. Theois Dooson
RE: DHA Motion / Responce / Hon. Elizabeth
Beach. COC/

Dear Hon. Clerk,

Please File My For Sanctions, Please File this
Motion For Sanctions on the Hon. Joe Shannon Jr.
Criminal District Attorney And on
Andreau Jacobs Asst. Criminal District. Atty.
Place a Hearing in this Matter / Place it on
the Setting Docket. PLEASE HONOR THE (C.T.R. C.P. 24)
THE Clerk's endorsement. Please take Judicial
Notice that Petitioner is indigent in this Matter
And He request that you send Him A Copy Showing
that the Document was presented for Filing With
the File Number, the date And time the Document
was presented, And the Clerks Name.           Sincerely,
                                              J. Theois
            Cover Letter                       Dooson
                                               4-18-2014

STATE OF TEXAS

V.

THEODIS DODSON
Pro, SE

No. 1071695D , 1072134

X    IN THE CRIMINAL
X         DISTRICT
X    COURT NUMBER ONE OF
X    TARRANT COUNTY, TEXAS

MOTION FOR SANCTIONS
FOR EVASIVE OR INCOMPLETE
ANSWER UNDER T.R.C.P 215.1(C)
AND UNDER T.R.C.P. 13

COMES NOW, Pro, SE THEODIS DODSON #1490901
WHO IS HELD AT THE CONNALLY UNIT BRINGS THIS
MOTION FOR SANCTIONS ON THE DISTRICT ATTORNEY
CRIMINAL HON. JOE SHANNON JR., AND HON.
ANDREA JACOBS, ASST. CRIMINAL DIST. ATTY.

## I.    STATEMENT OF THE CASE

THE STATE OF TEXAS RESPONDED TO PETITIONER
ON A MOTION IN REGARDS TO CASE NO'S. 1071695D,
1072134. SEE. ATTACHMENT "A" ATTACHMENT.
SAID REPLY WAS FILED ON APRIL 14, 2014
AT 12:19 P.M.

## II.    STATEMENT OF FACTS

AT THE STATES RESPONSE SEE. II. PAGE 3 OF

State is unable to advise whether evidence exists that might contain biological material. The state will provide this court with that information AS SOON AS IT IS AVAILABLE. But, as identity is not and was not at issue, whether there is evidence is irrelevant.

Petitioner brings to the Hon. court attention that under (T.R.C.P 215.1(c)) the up-above statement is evasive or incomplete answer to his DNA motion. Their actions should be treated as a failure to answer.

Petitioner also brings to the Hon. court attention that under (T.R.C.P 13) their reply was both groundless and brought in bad faith.

see. SKEPHEK V. MYNATT, 8 S.W3d 377, 382 (TEX. APP. -ELPASO 1999. pet. denied).

Petitioner also brings to the courts attention under (CPRC § 10.004) their actions pleadings was brought as a result of poor judgment.

see. ALPERT V. CLAIN, CATON and JAMES, P.C 178 SW3d 398, 411-12 (TEX. APP- HOUSTON (1st Dist.) 2005, pet denied.

• Sanctions may also be imposed under the courts inherent power. A trial court has inherent power to impose sanctions for abuse of the judicial process not covered by rule or statute. see. EZEOKE V. TRACY ___ S.W3d___ (TEX. APP. -HOUSTON (14th DIST.) 2011, no pet.

(2)

* proper court. / the motion should be filed in the court in the district where the deposition is being taken. (TRCP 215.1(a) see.

Mantri v. Bergman 153 sw3d 715, 718 ( Tex. App. - Dallas 2005, pet. denied.)

. the court can impose sanctions on the attorney who signed the pleading or motion see. ( CPRC § 10.001. / CPRC § 10.004 (a) see.

Low, 221 sw3d At 617.

. establish facts. under ( TRCP 215.2(b)(3) the court may order sanctions did not produce see. spohn Hosp. v. Mayer. 104 sw3d 878, 881 n. 2 ( Tex. 2003).

. oral hearing In most cases, the court should conduct an oral hearing to receive evidence on the allegation that sanctions are warranted. see. Bedding Component Manufactors, Ltd. v. Royal Sleep prods. 108 sw3d 563, 564 ( Tex. App - Dallas 2003, no pet) ( sanctions under TRCP were reversed because there was no hearing to present evidence)

. undisclosed evidence detrimental

the state has concealed evidence on not presenting to their response which is A violation under ( TRCP 215.2(b) (3), (b) (4) see. City of San Antonio v. Fulcher 749 sw2d 217, 220 ( Tex. App. San Antonio 1988 writ denied.)

(3)

* If the attorney was responsible for the sanctionable conduct the court should sanction the attorney. see. CPRC §§ 9.012(C), 10.004(a); TRCP 13, 215.1(d), 215.2(b)(8).

When multiple attorneys are involved in the sanctionable conduct they can be held jointly and severally liable. see. Kigle v. Daimler Chrysler Corp. 88 S.W3d 355, 364-65C Tex. App. San. Antonio 2002 Pet. denied.)


## Prayer

Petitioner prays that a hearing take place and place a setting on the docket on this motion to sanctions that has been sent to the District Clerk Criminal Tim Curry Criminal Justice center 401 W. Belknap 3rd Floor Ft. Worth. TX. 76196 from the Connally Unit 899 Fm 632 Kenedy TX 78119.


## Certificate of service

I on this day 4-18-2014 sent a copy of this motion to the person down below

Hon. Joe Shannon Jr. Dist Atty. Tim Curry Crim. Just. Cta. 401 W. Belknap Ft. Worth TX. 76196

District clerk Thomas A Wilder Tim Curry Crim. Just. Cta. 401 W. Beck lap Ft. Worth TX 76196

(4)

Hon. ELIZABETH BEACH
Judge CDC1
Tim Curry Crim. Just. Ctr.
401 W.BELKNAP
FT. Worth TX. 76196.

I only sent A letter
To the Hon. Judge
Notifying Her.

Sincerely
J Jadin
Jadin
Oct-18-2014

A CERTIFIED COPY
ATTEST: 3-19-15
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: Lee Swan
DEPUTY
LEE ANN SWAN

(5)

## AFFADAVIT Inmate unsworn

I declare under the penalty of perjury that
all things are true and correct in this
motion and I am a sole mind makeing
this Affadavit.

Executed on <u>04-18-2014</u>

sincerely
J Jardin
Jadson
04-18-2014

(6)

THE STATE OF TEXAS      CASE NO. 1071695, 1092134

V.

THEODIS DODSON
     pro, se

X
X
X
X
X
X

IN THE Hon. Court

OF COC 1

Fort WORTH TEXAS

REQUESTING A HEARING
set DOCKET ON MOTION
FOR SANCTIONS

ON THIS DAY OF _____ 2014 SAID Hon.
JUDGE HEARD SAID motion FOR SANCTION
IS HEREBY

_____ 2014
GRANTED

OR

_____ 2014
DENIED

_____ 2014
Presiding JUDGE

(7)

ATTACHMENT 1

ATTACHMENT

(8)



# TARRANT COUNTY

OFFICE OF THE
CRIMINAL DISTRICT ATTORNEY
www.tarrantda.com

JOE SHANNON, JR.
CRIMINAL DISTRICT ATTORNEY
817/884-1400

April 14, 2014

TIM CURRY CRIMINAL JUSTICE CENTER
401 W. BELKNAP
FORT WORTH, TX 76196-0201

Mr. Theodis Dodson
TDCJ-ID#: 1490901
Connally Unit
899 FM 632
Kenedy, Texas 78119

RE: Dodson, Theodis – Case No's. 1072134D; 1071695D

Dear Sir,

Enclosed, please find file marked copies of the State's Reply to Defendant's Request for Forensic DNA Testing of Evidence Containing Biological Material in the above referenced cases which were filed this date with the Tarrant County District Clerk's Office.

Sincerely,

Litigation Specialist

Enclosures

Mr. THeodis Poosal
#1990090
CoJJANNWJIt
899 Fm 632
KcJe OY TX. 78119

COc)

LeqAc

POSTAGE DUE . 22¢
NON-STANDARD SURCHARGE

ThomAs A. WILDER
CRiminAL DISTRICT CLerk
Tim CurrY CriminAL JUSTICE CesTer
401 W. BELKNAP, 3rd. FLook
FoRT WORTH, TX. 76196

FOREVER
USA

# EXHIBIT

# "D"

5/5/14.
No Further Action
Taken By Court;
File

THOMAS A WILDER
CRIMINAL DISTRICT CLERK
TARRANT COUNTY
Tim Curry Criminal Justice Ctr.
401 W. BELKNAP 3rd Floor
FT. WORTH TX. 76196
( 4-21-2014)

Mr. THeodis Dodson
# 1490901
CoNNAlly Unit
899 Fm 632
Kenedy TX 78119

FILED
THOMAS A WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

MAY 06 2014
TIME _____3:41____
BY_____ DEPUTY

CDC1
COURT
ROOM

RE: THeodis Dodson v. THE STATE
CASE No's 1071695 D. 1072134

RE: DNA MotioN

RE: Please File My SecoND MotioN OF SANtioN
oN HoN. Joe SHANNON JR DISTRICT AttorNey, Asst.
asst. ANdreA JACobs, WATAUGA Police DEPT. AND
its employees over THE CustodiAN OF Records
includiNg SEAY, Vicki, OF Property

DEAR HoN. Clerk..

Please File My SecoND MotioN REquestioN
SANtioN iN CASE No's 1071695, 107 2134. Please
Place A order settiNg iN THis MAtter Please
Note I Also seNt A Copy To District Atty.
Joe SHANNON JR. THANk You iN THis MAtter.
Please seNd A Copy showiNg
DATE received AND Filed

Cover Letter

siNcereLy
J—
4-21-2014

THEODIS DODSON    X    NO. 1011695 & 1072134

V.                X    IN THE CRIMINAL DISTRICT
                  X    COURT NUMBER ONE
THE STATE OF TEXAS X    TARRANT COUNTY TEXAS
                  X

SECOND MOTION OF SANTION
ON HON. JOE SHANNON JR. DISTRICT ATTY.
ASST. DIST ATTY. ANDREA JACOBS, WATAUGA
POLICE DEPT. AND ITS EMPLOYEES OVER
THE CUSTODIAN OF RECORDS INCLUDING
SEAY. VICKI OF PROPERTY ALL EMPLOYEES OF PROPERTY

THE DEFENDANT THEODIS DODSON REQUESTS THIS SANTIONS
SECOND SANTION ON THE PARTIES UP-ABOVE.

GENERAL FACTS:

1. THE STATE SENT ITS FINDINGS OF FACT AND
   CONCLUSIONS OF LAW IN REGARDS TO HIS OWN
   MOTION ON APRIL 15, 2014 SEE. CLERKS RECORDS
   STATES FINDINGS.

FACTS OF THE CASE

THE STATE CLAIMS THAT THEIR ARE NO EVIDENCE
TO BE TESTED IN CASE No. 1071695 THAT IT WAS
DESTROYED ON JANUARY 23, 2014 SEE. EXHIBIT
1: SEAY AFFIDAVIT TO THE STATES FINDINGS

THE DEFENDANT BRINGS THIS SANCTIONS IN
GOOD FAITH AGAINST THE PARTIES INVOLVED.
BY THE STATE NOT LETTING HIM KNOW THAT
THEY WAS GOING TO DESTROY THE EVIDENCE

(1)

Under Article 1.14 (c9) And 38.39 (cd), Code of Criminal Procedure.

All the evidence in this case is relevant, there is no other evidence available to replace the destroy evidence. The destroted evidence supports the key in the case, all these are prejudice to him. The Identity Issue under C.C.P 64.01 Case No. 1071695O

• Spoliation of Evidence

The court can Impose sanctions when a party deliberately destroys evidence it had a duty to preserve see. cite v. Cummings. 134 SW3d 835, 841 (Tex. 2004); Vela v. Wagner And Brown Ltd. 203 S.W3d 37, 58-59 (Tex. App- San Antonio 2006, No Pet); In re Dynamic Health, Inc. 32 S.W.3d 876, 885 (Tex. App- Texarkana 2000, orig. proceedings).

• The defendant has shown prejudice under see cases: Adobe Land 236 SW3d At 360; Offshore Pipelines. 989 SW2d At 666; Roberts v. Whit Fill, 191 SW3d 398, 36 At h.3 (Tex. App. -Waco 2006, No. Pet.); Trevino. 969 SW2d At 958 (Baker J. Concurring).

• The Watauga Police Department failed to preserve and to notifying defendant of crime scene evidence. Will be destroted.

The evidence was destroted was "Material" to the defendant

The parties are: Joe Shannon Jr. Dist. Atty.; Mr. Andrea Jacobs Asst DA.; Watauga Police Dept. over Custodian of records property, Vicki Seat. And All employees custodian of property past and future.

(2)

The evidence in question consisted of blood evidence which could have been easily and definitively subjected to DNA testing had it been preserved as well as the finger prints.

This is all bad faith on the part of the police. Dept.

This Hon. Court should not used the Youngblood test and replace it with a balancing test

1. Youngblood constituted a break with other courts previous precedent.
In Brady v. Maryland, 373 U.S 83 (1963), this court held that, irrespective of the good or bad faith of the prosecution where evidence is material either to guilt or punishment the suppression of such evidence violates due process. In U.S v. Augurs, 427 U.S 97 (1976), this court held that the duty to provide material evidence to the defense is so basic that it exists. even in the absence of a specific defense request.

2. Youngblood's holding has been thoroughly condemned by learned commentators, and has been rejected by more than one-fourth of the state courts around the country.

3. Any conceivable practical benefits that the Youngblood rule may had in 1989 have been thoroughly undermined by the DNA revolution occurring during the intervening 15 years.

(3)

4. Requiring a defendant to prove bad faith on the part of the police following the destruction of material evidence places a virtually impossible burden on defendants, which will necessarily result in innocent persons being denied the constitutional right to present a defense.

5. The Youngblood rule encourages police incompetence in the collection of potentially critical blood evidence.

6. Youngblood requires the dismissal of charges where the police have engaged in provable bad faith, even if the defendant is guilty.

7. A balancing test would overcome the serious problems with the Youngblood test while retaining the relevance of police good faith as an important consideration in the due process analysis.

In searching for a potential replacement for the Youngblood test, one need look no further than sitting Justice Kennedy's concurring opinion in <u>U.S. v. Loud HAWK, 628 F. 2d 1139 (9th Cir. 1979)</u>. In Loud Hawk, Justice Kennedy set forth broad principles to be applied to loss or destruction-of-evidence cases. Judge Kennedy focused on the conflicting interests which must be protected in such cases, finding that "the significant interest is to avoid the

(4)

impairment of judicial integrity that would occur if the prosecution were allowed to manipulate court processes," and opined that protective rulings or sanctions might be necessary to "insure a fair trial in a specific case and to deter future violations Id. At 1151 et seq. (Kennedy, J., concurring supported by 5 other members of the en banc court).

Petitioner has shown why the sanctions must be granted and he request for a hearing in this matter.

## Prayer

he prays that all relief be granted, the sanction be granted in his favor and a hearing takes place.

## Certificate of service

I on this day 4-21-2014 sent this second request of sanction to the parties down below from the coddainh unit 899 fm 632 kenedy TX. 78119.

Hon. Joe Shannon Jr.
Dist. Atty. of Fort Worth
Tim Curry Crim. Just. Ctr.
401 W. Belknap
Ft. Worth TX. 76196

Thomas A. Wilder
Crim. Dist. Clerk
Tim Curry Crim. Just. Ctr.
401 W. Belknap 3rd Floor
Ft. Worth TX 76196

sincerely
submitted

4-21-2014

Pro, se

(S)

A CERTIFIED COPY
ATTEST: 3-19-15
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: Lee Swan
DEPUTY
LEE ANN SWAN

# EXHIBIT

# "E"

5/5/114:
File, No Further
Action Taken By
Court

THOMAS A WILDER
CRIMINAL DISTRICT CLERK
TARRANT COUNTY
Tim CURRY CRIMINAL JUST. CTR.
401 W. BELKNAP 3rd FLOOR
FORT WORTH TX. 76196
( 4-21-2019 )

10'12134
D. 3133

FILED
THOMAS A WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS
MAY 06 2014
TIME 3:56
BY_____ DEPUTY

MR. THeodis Dodson #1490901
CONNALLY UNIT
899 FM 632
KENEDY TX 78119

RE: THeodis Dodson V. THE STATE          COC1
CASE No. 10716950, 1072134          COURT

RE: DNA motion
RE: OBJECTION on STATES RESPONSE AND
FINDINGS OF FACT.

DEAR HON. CLERK,
     PLEASE FILE my OBJECTION TO THE STATES
REPLY on his DNA motion AND THEIR FINDINGS
PLEASE Note I HAVE SENT A COPY OF THIS
Motion to THE DISTRICT ATTORNEY JOE SHANNON
AS WELL AS A LETTER to THE HON. JUDGE
ELIZABETH BEACH NOTIFYING HER ABOUT THE
OBJECTION. PLEASE SEND me A COPY of
THE DATE RECEIVED AND FILED. PLEASE Note
in THIS Proceeding I Am INDIGENT. THANK
You in THIS MATTER.

                                   SINCERELY
                                   Theodis Dodson
                                   pro se
                                   4-21-2019

SCANNED          COVER
                 LETTER

Theodis Dodson

v.

State of Texas

No. 1011695 0 , 1072154

X    In the Criminal District
X    Court Number One
X    Tarrant County, Texas
X

Petitioner Objections to
The States Reply on His Own
Motion and Their Findings
of Fact and Conclusions
of Law

Honorable Judge Elizabeth Beach of COC1

Petitioner, Pro, SE Theodis Dodson brings this timely objection to the states reply on his DNA motion and their findings of fact and conclusions of law. Petitioner request this court not to used the same standard as an attorney. He's indigent and he's limited on paper and he will placed both objection within this objection. He only have enough paper to send the district attorney a copy.

I. He will start with his first objection of the state's findings regards to No. 1072134 0

FACTS OF THE CASE
Petitioner will used the states facts of the case in.in. its findings to prove identity is an issue

(1)

At the states in 6 states Response Attachment "E" clearly shows that Brittany Benson stated on 6-13-2007 looks like the Petitioner But was not 100% Positive it was Him.

• Please note Honorable Judge that the Attachment I sent with my DNA motion petitioner Brother Jeffery Dodson wife stated in a Statement that it was Her Husband and Fredrick Hughs in the video footage. Phyllis Dodson is Petitioner Brother wife name.

At the states No.8 in its findings stated "Defendant's DNA and victim's DNA were found on the Cash register cord that was tugged on by one of the Assailant's during the robbery murder. see. States response. Attachment H: Certificate of Analyses, No. 070652b P. 1, 3, 4, 6.

• Please note Honorable Judge that I also sent the same Attachment with my DNA Report. Please look at Page 3 of the Report started at.

"The DNA Profiles that were obtained from" each of the cord samples (items 30 & 1

mixture profitt, However, No conclusion can be made regarding gaurab Rajbanshi (item 12) or T. Dodson (item 21) As Potential contributors.

Based on this Your Honor Identity is An issue on the cord because the "stl" stated that no conclusion can be made regarding gaurAb Rajbanshi (item 12) or T. Dodson (item 21) As Potential contributors.

It Also stated that the results were inconclusive At the csF1P0, D2S1338, D18S51, And F9A loci

states response No. 11 Evidence Exists.

items still exist And Are in A condition making DNA testing Possible. see. state's response. Attachment J: Albright AFFidAvit. No. 20070262 94; state's Response Attachment K: wilson AFFidAvit, No. 07065Z6

states Findings Number 4-12 APPointment of counsel the states believe that relief of counsel should be denied under 64.01 (C)

petitioner objects to this because he is entitled to counsel he will show why.

(3)

IN THE CASE Winters v. Presiding Judge 118 SW3d 773 (Tex. Crim. APP. 2003). Stated

"APPOINTMENT OF COUNSEL IS MANDATORY IN A POST CONVICTION PROCEEDING SEEKING DNA TESTING IF THE CONVICTED PERSON DOES TWO THINGS. PROVES HE IS INDIGENT AND INFORMS THE COURT THAT HE WISHES TO FILE A MOTION FOR DNA TESTING; THE DNA TESTING STATUTE DOES NOT REQUIRE A PERSON TO MAKE A PRIMA FACIE CAUSE THAT HE IS ENTITLED TO DNA TESTING BEFORE THE RIGHT TO COUNSEL ATTACHES. C.C.P 64.01 (2002)

NO WORDING IN THE STATUTE GIVES A JUDGE THE DISCRETION TO DENY APPOINTMENT OF AN ATTORNEY MERELY BECAUSE THE JUDGE CONCLUDES THAT DOING SO WOULD BE "USELESS. SEE Id. APPOINTMENT OF COUNSEL IS MANDATORY IF THE CONVICTED PERSON DOES TWO THINGS: PROVES HE IS INDIGENT AND INFORMS THE COURT THAT HE WISHES TO FILE A MOTION UNDER CHAPTER 64. SEE. NEVEU V. CULVER 105 SW3d 641,642 (Tex. Crim. APP. 2003) THE STATUTE DOES NOT REQUIRE A PERSON TO MAKE A PRIMA FACIE CASE THAT HE IS ENTITLED TO DNA TESTING BEFORE THE RIGHT TO COUNSEL ATTACHES. SEE. Id re Rodriguez 77 S.W3d AT 461 IF THE RELATOR REQUESTS COUNSEL AND PROVES INDIGENCE THE APPOINTMENT OF COUNSEL IS A PURELY MINISTERIAL

(4)

Act." Heven Hos SW so AT 44th.

PLEASE Note Hon. Judge THAT Petitioner Dodson Requested For An Attorney with THE DNA Motion And Requested A Hearing in THE matter As well As Showed THAT He WAS indigent with An Attach (6) Month Statement of his inmate trust Fund Account Notarized by THE LAW Library Supervisor.

Article 64.01 (C) is A Statutory Right to Counsel.

THESE Are my Objection To Cause No. 1072134D

I. Petitioner First Objection of the State's Findings Regards To No. 1071695D

See FACTS of THE CASE #3 THAT the states says in its Findings.

"THE victim in this case WAS KAMAL Luitel ("Luitel") see. States response Attachment C: Indictment No. 1071695D. Luitel identified Defendant in A Photo Spread. See STATE'S response Attachment D: Photo Spread. DATED June 11, 2007; STATE'S response Attachment E: Arrest Warrant Affidavit No. 07-1245, p. 2) ("I then Placed the Photo Spread Containing THE Photo of

(5)

Theodis Dodson after looking over all six pictures thoroughly, he pointed to Photo Number Two and stated 'that's him. Photo Number Two is that of Theodis Dodson.'") (Emphasis Added).

Petitioner Dodson objects to this because he sent an attachment with his own motion Volume 13 of 19 of Jeffery O'Neal Dodson trial, trial No. 1072135D and CoA No. C-02-08-286-CL. See page 96-98 being cross-examination by Mr. Strickland

" Mr. Luitel, I'm Jack Strickland and I want to talk to you a little bit about the events. I'm sure I speak for everybody that we're sorry that this happened you. You come to our country and something like this happened. And please accept everyones apologies for that. Now yesterday when we talked about this. do you recall giving some testimony that that you were scared when this happened?

Yeah, and thats perfectly understandable that you were that you were scared. But do you remember saying yesterday that you weren't sure of the face of the person that hit you or that robbed you? You remember that? Yes and is that true you don't remember that persons face, yes, sir. I see him just a glance. I don't I think that not regular customer and they come over there and I just

(6)

See him when he rise the gun and I face I look at his face at that time and he come to the register, I don't take him any seriously at that time: So this all happened very quickly did it not? Yeah very quickly, and you were frightened Yeah, as anybody would be? Yes sir. We appreciate your honesty in in in acknowledging that you are not sure who it was that did it? Yes, sir. And that you didn't see their face and I think I think you told told the jury today that when you first talked to the police officer about it and viewed some photographs, that you told them that that you weren't sure and that maybe you recognize the person? Yeah maybe recognize but you weren't sure. Is that fair? I'm not sure because the photo may be old and this person looked like this photo.

These statements were given by KAMAL LUITEL and THE court reporter in these proceedings was VALERIE K. Allen CSL# 6828 who gave an certificate official hand signature and certify that the proceedings are true and correct MARCH 20, 2009.

This clearly shows that identity is an issue because he could not and did not

(7)

Identified A.H.J.C.

See. States Findings 4-9, petitioners objects

Petitioners says that identity is an issue because had it not been for the exculpatory evidence with held by the state the the second DNA report of Luitel's blood found on a pair of shoes that also contained Jeffery Dodson DNA on the inside see. states response Attachment 9: certificate of Analyses, no. 0800845 P.1; states response Attachment H: certificate of Analyses no. 0706526 P.3 no reasonable juror would have found him guilty had the state turned over its results to His Attorney prior to pleading guilty.

The Lab report # 0800845 says the date of completion was on February 20, 2008 but the state doesn't show the chain of custody forms as they do in case no. 1072134. Nor does the state show when this evidence was turn over to Hon. Late Robert Ford and Hon. William H. Ray. the attorneys He hadn't known of this.

See. States response Findings "No evidence ... to ... all evidence relating to

How can this be when the state stated in their response reply to the DNA to case No. 1072134 affidavit by Traci Wilson March 20, 2014 Exhibit K states that "Evidence or property exists relative to the above case number that might contain biological evidence an evidence list is attached." one of the items are #34 white tennis shoes "Timberland" in a sealed sack labeled Apt. 801

Their is also an affidavit signed on March 26, 2014 by Brenda Albright that shows the state does have evidence to test.

Identity is an issue in this case also he objects to their findings and reply

The state denied appointment of counsel under 64.01 CC)

Petitioners objects because He is entitled to counsel see the case. Wilters v. Presiding Judge 118 SW3d 773 (Tex. Crim. App. 2003); also. see. Neveu v. Culver 105 SW3d 641, 642 (Tex. crim. App. 2003) and see. re rodriguez 77 SW3d At 461 that its a purely ministerial act to appoint counsel. Neveu, 105 SW3d At 642. Art 64.01 CC) is a statutory right to counsel.

(9)

## LESS STRINGENT STANDARDS

Theodis Dodson, petitioner in this cause, is incarcerated and proceeding pro, se. He is indigent. Texas appellate courts have held that the review and evaluations of pro, se must be conducted according to a less stringent standard than that applied to formally trained and licensed attorneys. See. Thomas v. collins, 860 SW 2d 500, 503 (Tex. App - Houston (1st Dist. 1993)); u.Parson v. Burns, 846 F. Supp. 1372 for fair notice.

Your Honor the reason that I don't have exhibits with this objection is I sent my originals with the 11.A motion and I have written the district clerk on requesting free copies and not have gotten even type of response.

### PRAYER

Petitioner prays that the objection be noted and set for a hearing and the Hon. Court grant a attorneys for him.

### certification of service

I on this day 4-21-2014 sent a copy of this motion to the persons down below and sent out a letter to the Hon. Judge notifying about the objection from the connally unit by mail 899 Fm 632 Kenedy TX 78119

(10)

Hon. ELIZABETH BEACH
Judge. CRIMINAL DISTRICT COURT NO. 1
Tim Curry CRIMINAL JUSTICE CTR.
401 W. BELKNAP FT. Worth TX. 76196

Hon. JOE SHANNON JR.
DISTRICT ATTORNEY
Tim Curry CRIMINAL Just. CTR.
401 W. BELKNAP FT. Worth TX 76196

THOMAS A. WILDER
CRIMINAL DIST. Clerk
Tim Curry Crim. Just. CTR. 3rd floor
401 W. BELKNAP
FORT WORTH TX 76196

SINCERELY,
*[signature]*
4-21-2014

A CERTIFIED COPY
ATTEST: 3-19-15
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: *[signature]*
DEPUTY
LEE ANN SWAN

(11)

Theodis Dodson

v.

STATE OF TEXAS

No. _____

X  IN THE CRIMINAL
X  DISTRICT COURT Number
X  ONE
X  TARRANT COUNTY. TEXAS
X

ORDER SETTING HEARING
PETITIONER OBJECTIONS
TO THE STATES REPLY ON
HIS 11.07 MOTION AND THEIR
FINDINGS OF FACT AND
CONCLUSIONS OF LAW

ON THIS DAY OF _____ 2014
SAID HON. JUDGE HEARD SAID MOTION
AND IT IS HEREBY.

_____, 2014

GRANTED

OR

_____, 2014

DENIED

_____

PRESIDING JUDGE

# EXHIBIT


# "F"

**RECEIVED**

**MAY 1 2 2014**

COURT OF APPEALS
SECOND DISTRICT OF TEXAS
DEBRA SPISAK, CLERK

COURT OF APPEALS
2ND DISTRICT OF TEXAS
Tim Curry Criminal Just. Ctr.
401 W. Belknap, Suite 9000
Ft. Worth TX. 76196
C 4-30-2014

**FILED**
THOMAS A WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

MAY 13 2014
4:49
TIME _____  ____ DEPUTY
BY _____

Mr. Theodis Dodson
#1490901
Connally Unit
899 Fm 632
Kenedy TX. 78119

RE: Theodis Dodson V. The State
Trial Case no.s 1072139,
1071695

Hon. Clerk,

Please file my motion Leave to file to compel
this Hon. Court to compel the Hon. Court of COC1
to do a Ministerial Act to appoint an attorney
under C.C.P 64.01(CC) and motion to waive
filing fee and motion to file a single copy,
inside attach are attachments A, B and
Affidavit of Indigent of (6) month statement
to waive filing fee. Thank you in this matter

Sincerely
Submitted,

Theodis
Dodson
(4-30-2014)

A CERTIFIED COPY
ATTEST: 3-19-15
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: Lu Swan
DEPUTY
LEE ANN SWAN

```
CYME/SPE6744           IN-FORMA-PAUPERIS DATA              09:04:50
TDCJ#: 01490901 SID#: 05773110 LOCATION: CONNALLY    INDIGENT DTE: 07/24/13
NAME: DODSON,THEODIS JR              BEGINNING PERIOD:
PREVIOUS TDCJ NUMBERS: 00894458
CURRENT BAL:        0.92 TOT HOLD AMT:   100.00 3MTH TOT DEP:
6MTH DEP:               6MTH AVG BAL:         6MTH AVG DEP:
MONTH HIGHEST BALANCE TOTAL DEPOSITS  MONTH HIGHEST BALANCE TOTAL DEPOSITS


PROCESS DATE   HOLD AMOUNT   HOLD DESCRIPTION
                            --------------------------------
                            NO BANKING ACTIVITY
                            WITHIN THE PAST 6
                            MONTH PERIOD.
                            --------------------------------


STATE OF TEXAS COUNTY OF Karnes
ON THIS THE 6th DAY OF May       ,2014, I CERTIFY THAT THIS DOCUMENT IS A TRUE,
COMPLETE,AND UNALTERED COPY MADE BY ME OF INFORMATION CONTAINED IN THE
COMPUTER DATABASE REGARDING THE OFFENDER'S ACCOUNT. NP SIG:
PF1-HELP PF3-END ENTER NEXT TDCJ NUMBER: 1490901   OR SID NUMBER: _____
```

SYLVIA
LYNN PETERSEN
Notary Public. State of Texas
My Commission Expires
10-11-2017

NOTARY PUBLIC STATE OF TEXAS

Notary Without Bond

RELATOR
THEODIS DODSON
v.
THE STATE.

X    TRIAL CASE No. 1072134, 1071695
X    COA Number _____
X
X         COURT OF APPEALS
X         NUMBER SECOND
X         FORT WORTH TEXAS
X

RECEIVED

MAY 1 2 2014

COURT OF APPEALS
SECOND DISTRICT OF TEXAS
DEBRA SPISAK, CLERK

MOTION TO FILE SINGLE COPY
AND MOTION TO WAIVE FILING
FEE FORMA PAUPERIS

Hon. Justices.

Comes Now Relator THEODIS DODSON #1990901
Brings This motion in good FAITH, motion TO FILE A
SINGLE COPY AND motion to WAIVE FILING FEE
BECAUSE he is A true FORMA PAUPERIS.

He is too POOR TO Provide the number of copies
provide by THE STATE AND He's too POOR TO PAY
THE Filing fee. He HAS ATTACH A FORMA PAUPERIS
AND A (SIX) MONTH STATEMENT of His trust fund
Account Showing he is indigent in this proceeding.
Notarize.

prayer

he prays that relief be granted in
Both Motions

FILED
THOMAS A WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

MAY 13 2014

TIME _____ 4:49
BY _____ Qa ___ DEPUTY

Certificate of service

COURT OF APPEALS
SECOND DISTRICT OF
TEXAS

FORT WORTH TEXAS

FILED
THOMAS A WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

RECEIVED

MAY 12 2014

COURT OF APPEALS
SECOND DISTRICT OF TEXAS
DEBRA SPISAK, CLERK

MAY 13 2014
4/49
TIME _____
BY _____ DEPUTY

MOTION LEAVE TO FILE TO COMPEL
THIS HONORABLE COURT TO COMPEL
THE HONORABLE COURT OF COC1
TO DO A MINISTERIAL ACT TO
APPOINT AN ATTORNEY UNDER
CODE CRIM. PROC. 64.01 CC)

THEODIS DODSON V. THE STATE
TRIAL COURT CASE NUMBERS.
1071695 , 1072139

RULEING OF DENIAL
FROM HON. JUDGE ELIZABETH BEACH
OF COC1
ON APRIL 16, 2014

PARTIES:
THEODIS DODSON
#1490901
CONNALLY UNIT
899 FM 632
KENEDY TX. 78119
PRO, SE

HON. ELIZABETH BEACH
JUDGE, COC1
TIM CURRY CRIM. JUST.
CTR.
401 W. BELKNAP
FORT WORTH TX 76196

HON. JOE
SHANNON JR.
DISTRICT ATTY.
TIM CURRY CRIM.
JUST. CTR.
401 W. BELKNAP
FORT WORTH
TX. 76196

4-30-14

# TABLE OF CONTENT

| | PAGE |
|---|---|
| IDENTITY OF PARTIES | 1 |
| WAIVE ORAL ARGUMENT | 2 |
| TABLE OF CASES | 3 |
| ISSUED PRESENTED | 4,7 |
| STATEMENT OF THE CASE | 5 |
| STATEMENT OF FACTS | 6 |
| ARGUMENTS AND AUTHORITY | 7 |
| PRAYER | 9 |
| CERTIFICATE OF SERVICE | 9 |
| ATTACHMENTS. | 10 |
| "A." pg. 10 | 11 |
| "B." pg. 11 | |

## IDENTITY OF PARTIES

THEodis Dodson
#1490901
CoJJAllY UJit
899 FM 632
KeJeoY TX 78119
REALATOR, Pro, SE

HoJ. JuDGE ELiZABETH BEACH
COC1
TiM CuRRY Crim. JuST. CTR.
401 W. BELKJAP
FT. WORTH TX 76196

HoJ. JOE SHAJJOJ JR
DiSTriCT ATTY.
TiM CuRRY Crim. JuST. CTR.
401 W. BELKJAP
FT. WorTH TX 76196

(1)

REALATOR WAIVES ORAL ARGUMENT

# TABLE OF CASSES

PAGE

Neveu v. Culver 105 SW3d 641, 642
(Tex. crim. App. 2003)                         8, 9

In Re Rodriguez 77. S.W.3d At 461            8

Ex. Rel. Rosenthal v. Poe
98 SW.3d 194, 198 (Tex. crim. App. 2003)).    9

Winters v. Presioing Judge
118 Sw3d 773 (Tex. crim. App. 2003)           7

STATUES                                4,5,6,7,8,9

C.C.P. 64.01(c)                              9

PRAYER

Certificate of service                       9

(3)

## Issue presented

THE TRIAL JUDGE erred in denying Him
Counsel For tHE CHAPTER 64.01(C)
Code crim Procedure. Proceeding wHen
Counsel is A purely A ministerial ACT.

ON APRIL 10, 2014 THIS HONORABLE COURT JUSTICE GAVE AN OPINION IN COURT OF APPEALS NUMBER 02-14-00094-CV THAT TWO JUSTICES DENY THE WRIT OF MANDAMUS OF THE TRIAL COURT COC) DOES NOT HAVE TO RESPOND TO HIS O.IA MOTION ONE HONORABLE JUSTICES GAVE AN DISSENTING OPINION HONORABLE JUSTICES LEE ANN DAUPHINOT.

ON APRIL 16, 2014 THE STATE GAVE AN PROPOSED MEMORANDUM, FINDINGS OF FACT AND CONCLUSIONS OF LAW IN CAUSE NO'S 1072134(0); 1071695O. THE STATE FINDS THAT ALL RELIEF SHOULD BE DENIED ALSO TO APPOINT COUNSEL UNDER C.C.P. 64.01CC) SEE ATTACHMENT "A" WHEN THE STATE FILED ITS PROPOSED MEMORANDUM, FINDINGS OF FACT AND CONCLUSIONS OF LAW. THE HON. JUDGE ELIZABETH BEACH OF COC) DENIED COUNSEL UNDER C.C.P 64.01(CC) IN REGARDS TO BOTH CAUSE NO'S 1072134(0) AND 10716950. THE REALATOR SENT ALONG WITH HIS CHAPTER 64 O.IA MOTION. THAT HE WANTED A O.IA MOTION DONE AND ATTACH AN AFFADAVIT SHOWING HE WAS INDIGENT WITH ATTACHMENT NOTARIZE STATEMENT OF HIS (6) MONTH STATEMENT OF HIS TRUST FUND ACCOUNT THATS STATED IN THE STATUTORY LANGAGE OF C.C.P 64.01CC). SEE ATTACHMENT "b" HON. JUDGE DENIED COUNSEL UNDER C.C.P 64.01 CC) IN BOTH CAUSE NO'S 1072134, 10716950

## STATEMENT OF FACTS

BASED ON THE ATTACHMENTS AND THE JUDGE AGREEING WITH THE STATE BY DENYING COUNSEL UNDER C.C.P 64.01(C) CLEARLY SHOWS THAT THE JUDGE ERRED BY NOT FOLLOWING THE STATUTORY LANGUAGE IN REGARDS TO APPOINTING COUNSEL UNDER C.C.P 64.01(C) IS AN MINISTERIAL ACT REALATOR HAS SHOWN THE STATE THAT HE WANTED A DNA MOTION AND HE STATED THAT HE WAS INDIGENT. THE STATUTE DOES NOT REQUIRE A PERSON TO MAKE A PRIMA FACIE CASE THAT HE IS ENTITLED TO DNA TESTING BEFORE THE RIGHT TO COUNSEL ATTACHES.

(6)

ISSUED PRESENTED NUMBER ONE

THE TRIAL JUDGE erred in DENYING Him COUNSEL
FOR THE CHAPTER 64.01 (C) CODE Crim. Procedure
Proceeding WHEN COUNSEL IS A PURELY A Ministerial
ACT.

IN THE CASE <u>Winters V. Presiding JUDGE</u>
<u>118 SW3d 773 (Tex. Crim. APP. 2003)</u>

     STATED.
          "APPOINTMENT OF COUNSEL IS MANDATORY IN
A Post Conviction Proceeding seeking DNA Testing
if THE CONVICTED Person Does two THINGS: Proves
he is INDIGENT AND INForms THE COURT THAT HE
WISHES to FILE A motion FOR DNA Testing; THE
DNA Testing statute does Not Require A Person
To MAKE A Prima FACIE CAUSE THAT HE IS ENTITLED
TO DNA testing Before THE Right to COUNSEL Attaches
<u>C.C.P. 64.01 (C) (2013 West)</u>

REALATOR AS well AS Winters Admits THAT Providing
COUNSEL IN A CHAPTER 64 Proceeding is required
BY THE STATUTE but Asserts THAT doing so would
be A useless ACT, due to THE LACK OF evidence
CONTAINING Biological MATERIAL AVAILABLE FOR
Testing However, No wording IN THE STATUTE
gives A Judge THE Discretion to DENY Appoint-
ment of AN Attorney MERELY beCAUSE THE
Judge Concludes THAT doing So would be "useless"
<u>see. Id</u>. APPOINTMENT of COUNSEL is MANDATORY
if THE convicted Person does two THINGS
Proves he is INDIGENT AND INForms THE COURT

that he wishes to file a motion under Chapter page 64. see. Neveu v. Culver. 105 S.W. 3d 691, 692 ( Tex. Crim. App. 2003) The statute does not require a person to make a prima facie case that he is entitled to DNA testing before the right to counsel attaches. In re Rodriguez 77 S.W. 3d At 461. If the relator requests counsel and proves indigence. The appointment of counsel is a purely ministerial act." Neveu. 105 S.W. 3d At 692.

## STATUTORY RIGHT TO COUNSEL

ARTICLE 64.01 (C) OF THE Tex. Code of Criminal Procedures states that

"[a] convicted person is entitled to counsel during a proceeding under this chapter. The convicting court shall appoint counsel for the convicted person if the person informs the court that the person wishes to submit a motion under this chapter, the court finds reasonable grounds for a motion to be filed, and the court determines that the person is indigent. Counsel must be appointed under this subsection not later than the 45th day after the date the court finds reasonable grounds or the date the court determines that the person is indigent, whichever is later. (West 2013)

The defendant need not even ask to be appointed an attorney. The court must appoint an attorney if the two basic requirements of Article 64.01 (C) are met. Attachments A and B clearly shows that relator doesson provided both proves on getting counsel. The trial judge denied him counsel under C.C.P 64.01 CC) which was a error in his case

(8)

# STANDARD FOR MANDAMUS

MANDAMUS relief MAY BE granted if the RELATOR SHOWS THE following: (1) THAT THE ACT sought To BE compelled IS purely Ministerial (2) THAT THERE is No Adequate Remedy At Law. Heven. 105 S.W. 3d At 692 (Citing state ex. rel. Rosenthal v. Poe. 98 SW3d 194,198 (Tex. Crim. App. 2003)).

THE courts Duty To Appoint counsel IS A ministerial Act if the requirements Are Met WheN 64.01 (CC) Are Met. Heven. 105 SW3d At 692. Here realator requested counsel And proved His Indigence As required by Article 64.01 (CC) CHAPTER 64 does not provide For AN APPEAL regarding Indigence or THE Appointment OF Counsel under Article 64.01 (CC) Id. At 643. DEFENDANT HAS SHOWN Both Requirements IN His DNA Motion THAT WAS Filed on FEB. 12, 2014

## PRAYER

RELATOR PRAYS that this Honorable JUSTICES COMPEL THE Hon. Court OF COC 1 To Appoint Me Counsel under C.C.P 64.01 (CC) So He PRAY

## Certificate of service

I do by sent this single motion LEAVE To FILE To Compel THIS Hon. Court To Compel THE Hon. Court COC) To Do A Ministerial ACT To Appoint AN Attorney under C.C.P 64.01(CC) TO THE Court OF APPEALS 2ND District OF Fort Worth TX. 76196 by MAIL From THE Company Unit 899 From 632 Kenedy TX 78119

(9)

SINCERELY submitted

(4-30-2014)



# TARRANT COUNTY

OFFICE OF THE
CRIMINAL DISTRICT ATTORNEY
www.tarrantda.com

JOE SHANNON, JR.
CRIMINAL DISTRICT ATTORNEY
817/884-1400

TIM CURRY CRIMINAL JUSTICE CENTER
401 W. BELKNAP
FORT WORTH, TX 76196-0201

April 16, 2014

Mr. Theodis Dodson
TDCJ-ID#: 1490901
Connally Unit
899 FM 632
Kenedy, Texas 78119

    RE:    Dodson, Theodis – Case No's. 1072134D; 1071695D

Dear Sir,

    Enclosed, please find file marked copies of the State's Proposed Memorandum, Findings of Fact and Conclusions of Law in the above referenced cases which were filed this date with the Tarrant County District Clerk's Office.

            Sincerely,

            Litigation Specialist

Enclosures

ATTACHMENT "B"

ATTACHMENT
"B"

---

(1) APRIL 16, 2014 order From THE Judge DeNNiNg CouNseL uNder C.C.P 64.01(C) iN CASE No's. 1072134, 1071b950

(10)

NO. 1072134D

| STATE OF TEXAS | § | IN THE CRIMINAL DISTRICT |
| | § | |
| V. | § | COURT NUMBER ONE OF |
| | § | |
| THEODIS DODSON | § | TARRANT COUNTY, TEXAS |

## ORDER

The Court adopts the State's Memorandum, Findings of Fact and Conclusions of Law. The request for appointment of counsel and motion for DNA testing of THEODIS DODSON ("Defendant") are both **DENIED** because identity is not and was not at issue. *See* Tex. Code Crim. Proc. Ann. arts. 64.01(c); 64.03(a)(1)(B) (West 2013). The Court further orders and directs:

The Clerk of this Court to furnish a copy of this Order to Defendant, Mr. Theodis Dodson, TDCJ-ID# 1490901, Connally Unit, 899 FM 632, Kenedy, Texas 78119 (or to Defendant's most recent address), and to the appellate section of the District Attorney's Office.

SIGNED AND ENTERED this _____ day of _____, 2014.

_____
JUDGE PRESIDING

cc- Mr. Theodis Dodson

SCANNED

NO. 1071695D

| STATE OF TEXAS | § | IN THE CRIMINAL DISTRICT |
| | § | |
| V. | § | COURT NUMBER ONE OF |
| | § | |
| THEODIS DODSON | § | TARRANT COUNTY, TEXAS |

2014 APR 16 PM 2:29

THOMAS A. WILDER
DISTRICT CLERK

FILED
TARRANT COUNTY

## ORDER

The Court adopts the State's Memorandum, Findings of Fact and Conclusions of Law. The request for appointment of counsel and motion for DNA testing of THEODIS DODSON ("Defendant") are both **DENIED** because identity is not and was not at issue. *See* Tex. Code Crim. Proc. Ann. arts. 64.01(c); 64.03(a)(1)(B) (West 2013). The Court further orders and directs:

The Clerk of this Court to furnish a copy of this Order to Defendant, Mr. Theodis Dodson, TDCJ-ID# 1490901, Connally Unit, 899 FM 632, Kenedy, Texas 78119 (or to Defendant's most recent address), and to the appellate section of the District Attorney's Office.

SIGNED AND ENTERED this 16th day of April, 2014.

_____
JUDGE PRESIDING

cc- Mr. Theodis Dodson

SCANN

Mr. Theodis Dodson
#1490901
Connally Unit
899 FM 632
Kenedy TX 78119

THU 08 MAY 2014 PM

FILED
THOMAS A WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

MAY 13 2014

TIME 4:49

BY _____ COZ _____ DEPUTY

RECEIVED

MAY 12 2014

COURT OF APPEALS
SECOND DISTRICT OF TEXAS
DEBRA SPISAK, CLERK

Court of Appeals Clerk
2nd District of Texas
Tim Curry Criminal Just. Ctr.
401 W. Belknap, Suite 9000
Fort Worth Texas 76196

LEGAL

# EXHIBIT

# "G"

FILED
THOMAS A WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

JUN 13 2014
9:56
TIME _____ BY _____ DEPUTY

THOMAS A WILDER
CRIMINAL DISTRICT CLERK
TARRANT COUNTY
Tim Curry Criminal Just. Ctr.
401 W. BELKNAP, 3rd Floor
FORT WORTH TX 76196
( 4-22-2014)

MR. THEODIS DODSON
#1490901
CONNALLY UNIT
899 FM 632
KENEDY TX 78119

HON.
COC 1
COURT ROOM

RE: THEODIS DODSON V THE STATE
CASE NO. 1071695, 1072134
RE: DNA MOTION
RE: REQUEST FOR DISCLOSURE PURSUANT TO RULE 194
WITHIN 30 DAYS

HON. CLERK.,

PLEASE FILE THIS REQUEST FOR DISCLOSURE PURSUANT
TO RULE 194 IN CASE NO. 1071695; 1072134 ALONG WITH
REQUEST FOR A ORDER HEARING IN THIS MATTER PLACE ON
THE DOCKET OF HON. COURT COC 1, HON. JUDGE ELIZABETH
BEACH. THANK YOU IN THIS MATTER. A COPY HAS BEEN
SENT TO THE PARTY DOWN BELOW A LETTER HAS BEEN
SENT TO THE HON. JUDGE ELIZABETH BEACH.

HON. JOE SHANNON JR
DIST. ATTY. TARRANT CTY.
Tim Curry Crim. Just. Ctr.
401 W. BELKNAP
FT. WORTH TX. 76196

HON. JUDGE ELIZABETH
BEACH JUDGE, COC 1
Tim Curry Crim. Just.
CTR.
401 W. BELKNAP
FT. WORTH TX. 76196

SINCERELY
Theodis
Dodson
4-22-2014
PRO, SE

ENCLOSED COPIES
TO JOE SHANNON JR
AND

Cover Letter

File;
Decision Made on
This Case

Theodis Dodson
pro. se

v.

THE STATE

X  NO. 1071695 : 1012134

X  IN THE CRIMINAL DISTRICT
X  COURT NUMBER ONE
X  TARRANT COUNTY TEXAS
X

REQUEST FOR DISCLOSURE
PURSUANT TO "TRCP 194 within 30 days

Comes Now, Pro. se THEODIS DODSON Brings this
REQUEST FOR DISCLOSURE PURSUANT TO TRCP 194.

## GENERAL FACTS

IN regards to case No. 1071695 0 DEFENDANT PLED
guilty, PURSUANT to A PLEA Agreement, to the First
degree FELONY OFFENSE of Aggravated robbery with
A deadly weapon, to-wit: A Firearm on March 4, 2008
see. States response. Attachment A: Excerpt Proceedings.
Nos. 1071695 0; 1072134 0; state's response, Attachment
B: Judgment, No. 1071695 0

## STATEMENT OF FACTS

THE State Findings of fact At #7 says "Consistent
with DEFENDANT'S PLEA that He WAS guilty AS A PARTY
Luitel's blood WAS Found on A PAiR of SHOES that
ALSO contained Jeffery Dodson's DNA on the inside
see. State's Response, Attachment 9: Certificate
of ANALYSES, No. 080084 5, P. 1; State's Response
Attachment H: Certificate of ANALYSES, No.
070652 6, P. 3

(1)

Defendant brings this request for disclosure pursuant to TRCP 194, 194.2; 194.2(a),(c), and (f); 194.2(d)-(g), TRCP 194.3(a); TRCP 194.5

Defendant request the state to disclosure in regards to case No. 1071695D.

1. In regards to Exhibit 9" DNA report 0800845 date of completion February 20, 2008 who fax the results to the Hon. late Tim Curry Dist. Attorney. And its staff employees?

2. When did the Hon. Sean Colston Asst. D.A received the results of the DNA report 0800845 that was completed on February 20, 2008.?

3. What is the date that the Hon. Tim Curry late and its staff employees turned over this evidence to the defense to the late Hon. Robert Ford and Hon. William. H. Ray.

4. Provide a copy of the evidence list in regards to case No. 1071695D that was not sent to him.

5. Provide a copy of the procedures of Watauga Police dept. of The custodian of records and property before they destroy evidence under Art. 1.14 (a) and 38.39 (d) of code of crim. Proc.

6. Send a copy of defendant's motion and attachment. DNA motion that you stated you received on February 12, 2014 see. attachment J: Motion. No. 1071695D, 1072134. See state reply No. 1072134D page 3 at IV. You did not send me a copy.

(2)

THE DEFENDANT HAS MADE A REQUEST OF DISCLOSURES before THE Hon. Judge made an Answer under TRCP 194.3(a)

• Work Product. A party cannot assert work-product Privilege in response to a request for disclosure TRCP 194.5 and cmt. 1; see e.g. IN RE Jimenez, 4. S.W3d 894, 896 (TEX. APP-Houston (1st. Dist. ) 1999, orig. proceeding).

THE items request for disclosure will not Harm THE State.

## PRAYER

Petitioner Pray that His request be granted And a Hearing takes place on THE docket or all relief deem Just.

## Certificate of service.

On 4-22-2014 By Mail sent this motion Request for disclosure Under TRCP 194 To THE Parties down below From THE Company unit 899 Fm 632 Kenedy TX. 78119

HON. Joe Shannon Jr
Dist. Atty. Tarrant Cty.
Tim Curry Crim. Just. Ctr.
401 W. Belknap
Ft. Worth TX - 76196

Thomas A Wilder
Crim. Dist. Clerk
Tim Curry Crim. Just. Ctr.
401 W. Belknap, 3rd Floor
Ft. Worth TX. 76196

Sincerely

4-22-2014

(3)

A CERTIFIED COPY
ATTEST: 3-19-15
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: Lee Swan
DEPUTY
LEE ANN SWAN

THEODIS DODSON
pro, se

U.

THE STATE

X   NO.
X   IN THE CRIMINAL DISTRICT
X   COURT NUMBER ONE
X   TARRANT COUNTY TEXAS
X

REQUEST HEARING ON MOTION
OF DISCLOSURE UNDER TRCP 194

ON THIS DAY OF _____ 2014, Hon. Judge
PLACED it ON THE DOCKET AND set FOR A
HEARING. it is hereby:

_____, 2014
GRANTED

OR

_____, 2014
DENIED

_____, 2014
PRESIDING JUDGE

Hon. Joe Shannon Jr.
District Attorney. Tarrant Cty.
Tim Curry Crim. Just. Ctr.
401 W. Belknap
Ft. Worth TX. 76196
( 4-22-2014 )


Mr. Theodis Dodson
#1490901
Connally Unit
899 FM 632
Kenedy TX. 78119

RE: Theodis Dodson V. The State
    Case No. 1071695, 1022134
    O.A motion

RE: Request For Disclosure Pursuant
    To Rule 194 Within 30 days.

Hon
COC 1
Court Room
_____

Dear. Hon. Joe Shannon Jr. Dist. Atty.

Please find inside A written copy of said
Motion. Request For Disclosure Pursuant
To TRCP 194. Thank You in this matter.

Sincerely

4-22-2014

THEODIS Dodson
Pro se

V.

THE STATE

X
X
X
X
X

NO. 10716950, 10721340

IN THE CRIMINAL DISTRICT
COURT NUMBER ONE
TARRANT COUNTY TEXAS

## REQUEST FOR DISCLOSURE PURSUANT TO "TRCP 194 WITHIN 30 DAYS

COMES NOW, Pro se THEODIS Dodson BRINGS THIS REQUEST FOR DISCLOSURE PURSUANT TO TRCP 194.

### GENERAL FACTS

IN regards to CASE No. 10716950 DEFENDANT PLED GUILTY, PURSUANT TO A PLEA AGREEMENT TO THE FIRST DEGREE FELONY OFFENSE of Aggravated robbery WITH A deadly WEAPON, to-wit: A FireArm on MARCH 4, 2008 see. states response. Attachment A: Excerpt Proceedings Nos. 10716950, 10721340; State's Response Attachment B: Judgment No. 10716950

### STATEMENT of FACTS

The state findings of Fact AT #7 say's consistent WITH DEFENDANTS PLEA that He was Guilty AS A PARTY Luitel's blood was Found on A pair of shoes that Also Contained Jeffery Dodson DNA on the inside see. states response. Attachment 9: Certificate of Analyses, No. 0800845, P.1; states response Attachment H: Certificate of Analyses, No. 0706526, P.3

DEFENDANT BRINGS THIS REQUEST FOR Disclosure PURSUANT TO TRCP 194, 194.2; 194.2(a), (C), And (F); 194.2(d)-(9), TRCP 194.3(a); TRCP 194.5

(1)

DEFENDANT REQUEST THE STATE TO DISCLOSURE
IN REGARDS TO CASE NO. 1071695D

1. IN REGARDS TO EXHIBIT 9" DNA REPORT 0800845
DATE OF COMPLETION FEBRUARY 20, 2008 WHO FAX THE
THE RESULTS TO THE HON. LATE TIM CURRY DIST. ATTY.
AND ITS STAFF EMPLOYEE'S?

2. WHEN DID THE HON. SEAN COLSTON ASST. D.A RECEIVED
THE RESULTS OF THE DNA REPORT 0800845 THAT WAS
COMPLETED ON FEBRUARY 20, 2008?

3. WHAT IS THE DATE THAT THE HON. LATE TIM CURRY
AND ITS STAFF EMPLOYEES TURNED OVER THIS EVIDENCE
TO THE DEFENSE. TO THE LATE HON. ROBERT FORD AND
HON. WILLIAM H. RAY.

4. PROVIDE A COPY OF THE EVIDENCE LIST IN REGARDS
TO CASE NO. 1071695D THAT WAS NOT SENT TO HIM.

5. PROVIDE A COPY OF THE PROCEDURES OF WATAUGA
POLICE DEPT. OF THE CUSTODIAN OF RECORDS AND
PROPERTY BEFORE THEY DESTROY EVIDENCE UNDER
ART. 1.14 (a) AND 38.39 (d) OF CODE OF CRIM. PROC.

6. SEND A COPY OF DEFENDANT'S MOTION AND ATTACH-
MENT. DNA MOTION THAT YOU STATED YOU RECEIVED
ON FEBRUARY 12, 2014. SEE. ATTACHMENT J: MOTION
NO. 1071695D, 1072134. SEE STATE REPLY NO. 1072134D
PAGE 3 AT III YOU DID NOT SEND ME A COPY.

THE DEFENDANT HAS MADE A REQUEST OF DISCLOSURES
BEFORE THE HON. JUDGE MADE AN ANSWER UNDER
TRCP 194.3 (a)

. WORK PRODUCT. A PARTY CANNOT ASSERT WORK-PRODUCT
PRIVILEGE IN RESPONSE TO A REQUEST FOR DISCLOSURE
TRCP 194.5 ADD CMT. 1 : SEE. EG. IN RE JIMENEZ,

(2)

4 SW 3d 894, 896 ( TEX. APP. Houston [C]1st. DiST.]1992 orig. Procceding).

THE items request for DisClosure will not harm THE State.

## PRAYER

petitioner pray that his request be granted and a hearing takes place on the docket or any relief deem just.

## certificate of service

on 4-22-2014 by mail sent this motion request for disclosure under TRCP 194 to the parties down below from the community unit 899 Fm 632 Kenedy TX. 78119.

sin corect

4-22-2014

Hon. Joe Shannon Jr.
    DiST. ATTY. Tarrant Cty.
    Tim. curry Crim. Just. CTR.
    401 W. Belknap
    FT. Worth TX. 76196

Thomas A. Wilder
Crim. DiST. Clerk
    Tim. curry Crim. Just. CTR.
    401. W. Belknap 3rd floor
    FT. Worth TX. 76196

Hon. Judge Elizabeth Beach /a letter. COC1
    Tim. curry Crim. Just. CTR.
    401 W. Belknap
    FT. Worth TX. 76196

(3)

Lois Dodson                    No. 1011695, 1072134
  pro se

1.                     X      IN THE CRIMINAL DISTRICT
                       X          COURT NUMBER ONE
THE STATE              X         FORT WORTH TEXAS
                       X

Request ORDER HEARING
on Request FOR DISCLOSURE PURSUANT
TO RULE 194.

_____

Comes now Hon. Judge.

THIS motion WAS HEARD ADD Hereby is:

_____        ____, 2014
         GRANTED

            or

_____, 2014
         DENIED

_____
     Presiding Judge

Hon. ELIZABETH BEACH
Judge, Criminal District Court No. 1
Tim Curry Criminal Justice Center
401 W. BELKNAP
Fort Worth TX. 76196
( 4-22-2014 )

Mr. THEodis Oodson
#1490901
Connally Unit
899 Fm 632
Kenedy TX 78119

Hon.
COC 1

RE: THEodis Oodson V. THE State
     CASE No. 1071695, 1072134
RE: REQUEST HEARING on Two motion For Santions,
     REQUEST HEARING on OBJECTIONS
     REQUEST HEARING on REQUEST OF Disclosure

Hon. JUDGE ELIZABETH BEACH,

THIS LETTER is TO NOTIFY You THAT THIS is NOT
EXPARTE Communication. I HAVE SENT All motion
TO Hon. Joe SHANNON DIST. ATTY AND TO THE Hon.
DIST. CLERK. For A HEARING THANK You iN THIS MATTER.

Sincerely
J. Leodro
Oodson
4-22-2014

# EXHIBIT

# "H"

11/5/14: File; No Action
Taken By Court tf

TARRANT COUNTY
THOMAS A WILDER
DISTRICT CLERK- CRIMINAL
401 W. BELKNAP
FORT WORTH TX. 76196
( 10-20-2014)

MR. THEODIS DODSON
#1490901
Connally Unit
899 FM 632
KENEDY TX 78119

FILED
THOMAS A WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

NOV 06 2014
TIME 8:39
BY_____ DEPUTY

A CERTIFIED COPY
ATTEST: 3-19-15
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: Lee Swan
DEPUTY
LEE ANN SWAN

RE: THEODIS DODSON
V. THE STATE
TRIAL CASE NO. 1072134
DRAWER # 3133

DEAR HON. CLERK.

IN REGARDS TO "(TRCP 24), "( TRCP 25"), ("TRCP 21,
( TRCP 71). IN THE MONTH OF SEPT. 2014 OR
OCT. 2014. I SENT A MOTION TO RECEIVE
THE JURY SELECTION FOR FREE WITH AN
ATTACH ORDER SETTING. I NEVER RECEIVED
ANY thing FROM YOU. INSIDE IS A Addressed
STAMP ENVELOPE PLEASE TELL ME WHEN
THIS MOTION WAS RECEIVED AND FILED
BY YOU. AND PLEASE HONOR THE RULES
FOR CLERK DUTIES. THANK YOU.
SINCERELY
J Dodson
"PLEASE SEND STAMP ENVELOPE
BACK TO ME
10-20-14

TARRANT COUNTY
THomas A Wilder
DISTRICT Clerk- Criminal
901 W. Belknap
Fort Worth TX. 76196-0402

Mr. THEodis 000son
# 1999990
CoJJally Unit
899 Fm 632
KeJedy TX 78119

LEGAL

SAN ANTONIO TX 780
RIO GRANDE DISTRICT
21 OCT 2014 PM 1 L

FOREVER
USA

Theois Dodson
#19090901
Connally Unit
899 Fm 632
Kenedy TX 78119

⑤ CDU

Legal

TARRANT COUNTY
Thomas A. Wilder
District Clerk - Criminal
401 W. Belknap
Fort Worth TX 76196-0402

7615560402